Filed November 3, 1883.

———————

No. 10,238.

THE EXCELSIOR MUTUAL AID ASSOCIATION OF ANDERSON, INDIANA, *v.* RIDDLE.

LIFE INSURANCE.—*Civil Action.—Mandate.—Sufficiency of Complaint.—Demand.*—In a suit upon a contract of life insurance, wherein the insurance association agrees to pay the beneficiary therein named a certain sum of money, upon the happening of certain contingencies, a complaint in an ordinary civil action affords an adequate and specific legal remedy, and, in such case, the beneficiary can not resort to a proceeding by mandate. Where the contract stipulates that proofs of death shall be furnished to the secretary of the association, the complaint is sufficient if it show that such proofs were furnished to the association, and it is not necessary to aver therein a demand before suit brought.

The Excelsior Mutual Aid Association of Anderson, Indiana, *v.* Riddle.

SAME.—*Defence.*—*Fraudulent Concealment of Truth.*—*Reply.*—*Waiver of For-feiture.*—Where, in such suit, the defence is that the party, whose life was insured, had falsely answered certain questions, and had fraudulently concealed the truth in answering other questions, in relation to his health and previous sickness, in his application for the policy of insurance sued upon, although the matters thus pleaded were such as avoided the contract of insurance, by its terms, yet, in legal effect, they merely rendered the contract voidable, at the election of the insurance company, and it was competent for the company to waive the forfeiture and continue the policy in full force. A reply of such waiver of forfeiture, alleging knowledge of all the facts stated in the answer, is a good reply to such a defence.

SAME.—*Physician and Patient.*—*Confidential Relation.*—*Competency of Evidence.*—*Witness.*—Under section 497, R. S. 1881, the relation between the physician and his patient is confidential, and the physician can not be permitted to give in evidence, in a court of justice any information acquired by him in the discharge of his professional duties, to the prejudice or injury of his patient or of his representative.

From the Madison Circuit Court.

*J. W. Sansberry, M. A. Chipman* and *J. W. Sansberry, Jr.,* for appellant.

*R. Lake* and *W. R. Pierse,* for appellee.

HOWK, J.—This suit was brought by the appellee against the appellant upon a written contract, executed on the 17th day of June, 1880, to one Aaron F. Riddle, whereby the appellant, for certain considerations expressed therein, assured the life of the said Aaron F., in the sum of $2,500, for the term of seventeen years, for the use and benefit of his daughter, the appellee. It was stipulated in such contract that, if Aaron F. Riddle should die before the expiration of the term aforesaid, the sum insured was to be paid within ninety days after legal proof of death was made to the secretary of the appellant at its home office. In her complaint the appellee alleged, among other things, that on the 15th day of February, 1881, the said Aaron F. Riddle departed this life, and, on the same day, written proof of his death was furnished to the appellant, and that she had duly performed all the conditions of the contract on her part to be performed; that

Aaron F. Riddle, during his lifetime, duly performed all the conditions of the contract on his part; that the appellant had not paid the said sum of $2,500, nor any part thereof, but the same remained unpaid. Wherefore, etc.

The cause was put at issue and tried by the court, and resulted in a finding and judgment in favor of appellee and against appellant, for the sum of $2,500 and costs of suit.

In their brief of this cause the appellant's counsel first insist that the trial court erred in overruling the demurrer to the appellee's complaint for the alleged insufficiency of the facts therein to constitute a cause of action. Counsel claim that the appellee was not entitled to the remedy pursued by her in this action, and that her proper remedy was by mandate to compel the appellant's officers to make an assessment upon its members, and not a direct action upon the written contract. No authority is cited by counsel in support of their position, and it seems to us untenable. It has always been the rule in this State that where a party has another specific legal remedy he can not resort to a proceeding by mandate. *Board, etc.,* v. *Hicks,* 2 Ind. 527; *Louisville, etc., R. R. Co.* v. *State, ex rel.,* 25 Ind. 177; *State, ex rel.,* v. *Board, etc.,* 45 Ind. 501. It is clear, we think, that upon the contract in suit the appellee had an adequate legal remedy in the ordinary civil action.

Appellant's counsel further say that the complaint was bad on the demurrer thereto, because it did not show that legal proof of the death of Aaron F. Riddle had been furnished to the secretary of the appellant. The complaint showed, however, that such proof was furnished to the appellant, and this, we think, was sufficient.

The last objection to the complaint, suggested by counsel, is that there was no demand shown therein. Where the suit is upon a written contract, for money shown to be due thereon, it is not necessary that the complaint should aver a demand therefor before suit brought. *School Town of Princeton* v. *Gebhart,* 61 Ind. 187.

The demurrer to the complaint was correctly overruled.

Appellant's counsel next discuss the alleged errors of the trial court in overruling its demurrers to the second, third and fourth paragraphs of appellee's reply to the second paragraph of appellant's answer. In this paragraph of its answer the appellant stated, in substance, that Aaron F. Riddle, in his application for the contract of insurance in suit, had falsely answered certain questions in the application, and had fraudulently concealed the truth in answering other questions, to the effect that he was then in good health; that he had not been sick for years, nor been attended by a physician; that he had no usual medical attendant; that he had never had any serious illness, local disease or personal injury; all of which answers were alleged to have been false.

In each of the second, third and fourth paragraphs of her reply the appellee alleged, in substance, that the appellant, with knowledge of the facts stated in the second paragraph of its answer, made assessments against Aaron F. Riddle and the appellee, under the contract of insurance, and collected and received such assessments.

We are of opinion that the court committed no error in overruling appellant's demurrers to these paragraphs of reply; for, although the matters alleged by appellant in the second paragraph of its answer were such as avoided the contract of insurance by its terms, yet, in effect, they simply rendered such contract voidable at the election of the appellant; and, notwithstanding the existence of those matters, it was competent for the appellant to waive the forfeiture thereby authorized, and continue the contract of insurance in full force. The facts alleged in these paragraphs of reply, if true, and the demurrers admitted their truth, showed that the appellant had waived the forfeiture and had continued the contract of insurance in force, and, therefore, each of these paragraphs was a good reply to the second paragraph of the answer. *Masonic Mutual Benefit Ass'n* v. *Beck*, 77 Ind. 203 (40 Am. R. 295), and authorities cited.

In its motion for a new trial the appellant assigned eight

different causes therefor, of which the first six related to the rulings of the court in the suppression of certain depositions and parts of depositions. Of these, the second and third causes, in relation to the suppression of the deposition of Dr. John W. Rutledge, are the causes chiefly complained of in argument by appellant's counsel. The testimony of Dr. Rutledge showed that he was the attending physician of Aaron F. Riddle, and was taken down, over the appellee's objection thereto at the time, upon the ground that it was privileged. The court suppressed the deposition on the same ground. In section 497, R. S. 1881, declaring what persons shall not be competent witnesses, the *fourth* class of such persons is as follows: "Physicians, as to matter communicated to them, as such, by patients, in the course of their professional business, or advice given in such cases." There is no substantial difference between this statutory provision and the former law on the same subject, so far as the question under consideration is concerned. The law as it existed prior to the taking effect of section 497, *supra*, was considered by this court in *Masonic Mutual Benefit Ass'n* v. *Beck*, *supra;* and it was there held that the relation between the physician and his patient is confidential, and that the physician can not be permitted to divulge, in a court of justice, information acquired by him in the discharge of his professional duty, to the prejudice or injury of his patient or his representative. Upon this point the case cited is well sustained by authority. The court did not err, we think, in suppressing the entire deposition of Dr. Rutledge in this case.

We have examined the other rulings of the court, suppressing parts of certain depositions, assigned as causes for a new trial, and have reached the conclusion that there is no available error in either of those rulings. In every instance the matter suppressed by the court seems to us to have been either immaterial or incompetent.

We can not disturb the finding of the trial court on the

evidence. There is evidence in the record which tends to sustain the finding on every material point, and in such a case this court will not reverse a judgment on what might seem to be the weight of the evidence.

We find no available error in the record of this cause.

The judgment is affirmed, with costs.

Filed May 11, 1883. Petition for a rehearing overruled October 11, 1883.