Filed Nov. 15, 1887.

———————◆———————

No. 12,942.

## WILLIAMS v. JOHNSON.

EVIDENCE.—*Physician and Patient.—Confidential Matters.—Knowledge Gained by Professional Examination.*—A physician can not testify to the result of observations or examinations made by him upon the person of a patient, unless the patient consents, or in some way waives his privilege. Section 497, R. S. 1881.

From the Hamilton Circuit Court.

*R. R. Stephenson, F. M. Trissal* and *W. R. Fertig,* for appellant.

*W. Garver, F. B. Pfaff, J. Stafford* and *T. E. Boyd,* for appellee.

MITCHELL, J.—Emma C. Williams brought suit against Dempsey Johnson to recover damages for personal injuries alleged to have been sustained by her on account of the negligent failure of Johnson to observe the " law of the road," in consequence of which a collision occurred between their respective carriages while passing in opposite directions on a public highway.

The complaint is in two paragraphs, both of which are the same in legal effect. *Belt R. R. Co.* v. *Mann,* 107 Ind. 89.

There was a judgment for the defendant below. At the trial Mrs. Williams testified in her own behalf to the effect that she sustained bodily injuries, by being thrown from her carriage, and that she was attended by Dr. Herr, a practicing physician, who prescribed for injuries to her side and back.

The physician was not called to testify on behalf of the plaintiff below, but upon the conclusion of her testimony he was called as a witness on behalf of her adversary. He testified that he visited Mrs. Williams as a physician, and examined her, as his patient, in a professional capacity, and that such knowledge as he had of her condition and injuries was derived from an examination of her person, and from the statements made to him by Mrs. Williams at the time. The physician was permitted, after making the above disclosures, to testify, over objection from the plaintiff, that, at the time he examined her, he found no evidence that she had sustained any injury from a fall or other violence. The admission of this evidence was in violation of section 497, R. S. 1881, which declares that physicians shall be incompetent to testify "as to matter communicated to them, as such, by patients, in the course of their professional business."

The fact that the plaintiff had testified that she had sustained injuries, and that she called Dr. Herr, and that he had prescribed for her back and side, did not justify the admission of the evidence of the physician as to what he had or had not discovered as the result of an examination of the plaintiff's person. The statute sets the seal of secrecy and confidence upon what a physician observes in respect to the condition of his patient's person in the course of his professional examinations, as well as upon communications made to him by his patient. Accident or disease may compel the submission of one's person to examination by a physician, who thus acquires information which would be confided to no one else. The fear of disclosure often induces persons to suffer from bodily ailments, rather than submit to examination by persons of skill. The policy of the statute is to

protect, and render inviolable, the confidence which should exist between physician and patient. A physician is not permitted to disclose the result of observations or examinations made by him upon the person of his patient, unless with the consent of the latter, or unless the patient in some way waives his privilege. *Masonic Mutual, etc., Ass'n v. Beck*, 77 Ind. 203 (42 Am. R. 95); *Excelsior, etc., Ass'n v. Riddle*, 91 Ind. 84; *Penn Mutual Life Ins. Co.* v. *Wiler*, 100 Ind. 92 (50 Am. R. 769).

So far as disclosed by the record, Mrs. Williams had not testified to anything said to her by Dr. Herr as to what he discovered in the way of injuries upon her person. She testified that she had been injured, and that Dr. Herr prescribed for her side and back. She expressly declined to testify concerning any communications between herself and her physician, except as to the prescription for her injuries. Without asking to disprove the fact that the physician had prescribed for injuries to his patient's side and back, the court permitted him to testify, in behalf of her adversary, that, after a professional examination of her person, he had found no evidence that she had sustained any injury from a fall or other violence. It was error to admit the evidence.

Objection is made to the giving of certain instructions by the court, but as the evidence is not all in the record we can not say but that upon some theory, which the testimony may have supported, the instructions were correct.

For the error already pointed out the judgment is reversed, with costs.

Filed Nov. 15, 1887.