Heuston *v.* Simpson *et al.*

No. 13,176.

HEUSTON *v.* SIMPSON ET AL.

EVIDENCE.—*Physician and Patient.—Knowledge Acquired in Discharge of Professional Duty.— Will.—Action to Set Aside.*—In an action to set aside a will, it is not competent, if objection be made, for a physician who attended the testator in his last illness to testify as to his mental and physical condition, from knowledge acquired by him while in the discharge of professional duty. Section 497, R. S. 1881.

From the Lawrence Circuit Court.

*F. L. Prow, G. W. Friedley* and *J. Giles,* for appellant.

*M. F. Dunn, G. G. Dunn, W. H. Edwards* and *T. Huston,* for appellees.

ELLIOTT, J.—This action was brought by the appellant to set aside the will of his deceased brother, David Heuston. The executor and devisees were made defendants.

On the trial two of the physicians who attended the testator in his last illness were called as witnesses, and the appellant proposed to prove by them the mental and physical condition of the testator. The appellees objected, on the ground that an attending physician can not testify as to the result of an examination made by him in a professional capacity, nor as to any facts observed or learned by him while acting in that capacity. The objection prevailed.

Appellees defend the ruling of the trial court upon the authority of section 497, R. S. 1881, and the case of *Masonic Mut. Ben. Ass'n* v. *Beck,* 77 Ind. 203 (40 Am. R. 295). In that case the court quoted with approval from the case of *Edington* v. *Mutual Life Ins. Co.,* 5 Hun, 1, this language: "The secrets of the sick chamber can not be revealed, because the patient was too sick to talk, or was temporarily deprived of his faculties by delirium or fever, or any other disease, or because the physician asked no questions. The statute seals the lips of the physician against divulging in a court of jus-

tice the intelligence which he acquired while in the necessary discharge of his professional duty." The last sentence in the extract we have made from *Edington* v. *Mutual Life Ins. Co., supra,* correctly declares the law.

If the knowledge is acquired in the chamber of the patient, and in the discharge of professional duty, the physician can make no disclosure. This is true, whether the knowledge is communicated by the words of the patient, or is gained by observation, or is the result of a professional examination. The law forbids the physician from disclosing what he learns in the sick-room, no matter by what method he acquires his knowledge. *Masonic Mut. Ben. Ass'n* v. *Beck, supra; Excelsior Mut. Aid Ass'n* v. *Riddle,* 91 Ind. 84; *Penn Mut. Life Ins. Co.* v. *Wiler,* 100 Ind. 92 (50 Am. R. 769); *Carthage T. P. Co.* v. *Andrews,* 102 Ind. 138 (52 Am. R. 653); *Williams* v. *Johnson,* 112 Ind. 273; Rapalje Law of Witnesses, section 272.

The rule we have stated is a general one, for the statute makes no exceptions. It is a rule that may be invoked by the representatives of the deceased patient. It must, therefore, apply to this case unless the court legislates, and, by legislation, creates an exception. That we can not do. The case before us is within the rule, and must be decided as the rule requires.

The question came before the court in *Renihan* v. *Dennin,* 103 N. Y. 573, as it comes before us, in an action to set aside a will, and it was held, all the judges concurring, that the testimony was incompetent.

The case of *Coryell* v. *Stone,* 62 Ind. 307, is not in point. There was no such question in that case as we have in this, for there was no attempt in that case to secure a disclosure of knowledge acquired by a physician in his professional capacity.

In *Vanvalkenberg* v. *Vanvalkenberg,* 90 Ind. 433, no question was made as to the competency of the witnesses, nor was any such question made in *Dyer* v. *Dyer,* 87 Ind. 13, so

Board of Comm'rs of Hamilton Co. *et al. v.* State, *ex rel.* Cottingham *et al.*

that neither of these cases lends any support to the appellants' position.

The instructions, taken, as they must be, as an entirety, correctly stated the law to the jury.

Judgment affirmed.

Filed May 29, 1888.