Filed February 21, 1896.

---

No. 1,867.

POST *v.* STATE, EX REL. HILL.

WITNESS.—*Competency.*—*Physician and Patient.*—The incompetency of a physician to testify to matters which he learned in his professional capacity, over the objection of his patient, extends to mat-

ters which he learned from mere observation as well as to the declarations of the patient.

SAME.—*Physician and Patient.*—A patient cannot be compelled to divulge communications between her physician and herself, where the physician could not properly divulge the same over the patient's objection.

CONTINUANCE.—*Evidence.— Witness.— Competency.— Physician and Patient.—Bastardy.*—That the testimony of a physician, as to facts learned in his professional capacity, to obtain which a continuance is sought in a bastardy proceeding, would be competent in the absence of an objection by the relatrix, does not render the refusal of the continuance erroneous, where the relatrix by objecting thereto manifests her purpose to object to the testimony if offered.

SAME.—*Appellate Procedure.—Abuse of Discretion.*—A judgment will not be reversed because of the refusal of a continuance, unless it clearly appears that the discretion vested in the trial court has been abused.

SAME.—*Absent Witness.—Necessary Allegation.*—An application for a continuance to obtain the testimony of an absent witness is properly refused where it does not state facts which indicate that the testimony of the witness can be procured within a reasonable time, especially where the applicant does not even assert a belief that it can be so procured.

INSTRUCTION TO JURY.—*Uncontroverted Fact.*—The statement of the court in an instruction that a certain material fact is not controverted does not constitute error, where an admission of the existence of such fact was expressly made upon the record.

From the Porter Circuit Court.

*Olds & Griffin* and *E. D. Crumpacker*, for appellant.

*J. B. Peterson*, for appellee.

REINHARD, J.—The appellant was prosecuted for bastardy. Examination was had before the justice, appellant was bound over to the Lake Circuit Court, from which court the venue was changed to the Porter Circuit Court. Here the appellant was adjudged to be the father of the bastard child of the relatrix, and a further judgment was rendered against him in favor of the relatrix for $450, for the support and maintenance of said child.

The overruling of appellant's motion for a new trial is the only error assigned.    One of the reasons assigned for a new trial is the overruling of the appellant's motion for a continuance.    The appellee insists that there is no bill of exceptions in the record by which the question sought to be raised has been properly presented. Without stopping to determine this preliminary point, however, we have examined the case on its merits and have arrived at the conclusion that it must be affirmed in any event.

As to the ruling of the court upon the motion for a continuance, it was clearly right.    The alleged absent witnesses were one Dr. Miller, who it was alleged had examined the relatrix in order to determine whether or not she was pregnant, and his servant girl, whose name is unknown to appellant.    All the testimony sought to be given by the physician related to matters he had learned while the relatrix had called upon him in his professional capacity as a physician.    It was therefore privileged and could not have been given in evidence by the physician over the objection of the relatrix.    Not only is the physician prevented from revealing anything told him by the relatrix, but it would be equally objectionable for him to divulge matters he had learned from mere observation.    The admission of such evidence over the objection of relatrix would have been in plain violation of the statute.    R. S. 1894, section 505 (R. S. 1881, section 497), subd. 4.    This statutory provision is construed with great strictness in favor of the person against whom the evidence is sought to be given. *Masonic Mut. Benefit Ass'n* v. *Beck,* 77 Ind. 203 ; *Excelsior, etc., Ass'n* v. *Biddle,* 91 Ind. 84 ; *Penn Ins. Co.* v. *Wiler,* 100 Ind. 92 ; *Williams* v. *Johnson,* 112 Ind. 273 ; *Heuston* v. *Simpson,* 115 Ind. 62 ; *Gurley* v.

*Park*, 135 Ind. 440; *Pennsylvania Co.* v. *Marion*, 123 Ind. 415 (7 L. R. A. 687).

In the case of *Williams* v. *Johnson*, *supra*, the court said: "The statute sets the seal of secrecy and confidence upon what a physician observes in respect to the condition of his patient's person in the course of his professional examinations, as well as upon communications made to him by his patient. * * * The policy of the statute is to protect, and render inviolable, the confidence which should exist between physician and patient. A physician is not permitted to disclose the result of observations or examinations made by him upon the person of his patient, unless with the consent of the latter, or unless the patient in some way waives his privilege."

In *Heuston* v. *Simpson*, *supra*, this language was made use of by the court: "If the knowledge is acquired in the chamber of the patient, and in the discharge of professional duty, the physician can make no disclosure. This is true, whether the knowledge is communicated by the words of the patient, or is gained by observation, or is the result of a professional examination. The law forbids the physician from disclosing what he learns in the sick-room, no matter by what method he acquires his knowledge."

And in *Masonic Mut. Benefit Ass'n* v. *Beck*, *supra*, it was said: "His (the physician's) admission to the bedside of the sick one may enable the experienced and skillful practitioner to discern more of the patient's condition and the cause of which brought it about, than the patient himself could tell, or would be willing to reveal; and whether, therefore, the information which he gets is obtained in one way or the other should make no difference in the application of the rule."

In the present case, the appellant proposed to prove

by Dr. Miller that the relatrix called on him in his office in Chicago, in May, 1894, in company with a young man (not the appellant), and that the relatrix and her companion then and there told Dr. Miller that they were husband and wife; that the man accompanying her was a railroad man; that they feared relatrix was pregnant with child, and that they did not want any children at that time, and desired an examination to be made to ascertain the condition of the relatrix, and, if pregnant, to relieve her of child; that the said physician made the examination of the relatrix and found her to be pregnant, and so stated to her, but made no attempt to relieve her of the child; that said Miller will testify that the person accompanying said relatrix was a young man with brown mustache, tall, rather slender and was not the appellant.

We think all this information about which Dr. Miller was to be examined was privileged. There can be no question, we think, as to that portion relating to the examination of the relatrix and the result ascertained therefrom. What Dr. Miller observed as to who accompanied the relatrix and what they said must have been in reference to the subject-matter of the examination— the purpose for which they had called upon the physician —and it was likewise privileged.

But if it be granted that the physician might have testified to the fact that the appellee and young man came to his office, without disclosing the purpose for which they came, we do not see how this could have benefited appellant, as it tended to prove nothing material to the case on either side.

Nor do we think the facts proposed to be proved show that the relatrix called upon the physician for a criminal purpose, and hence the law applicable to such cases does not apply here. We do not think it can be said from

the statement of the affidavit that the relatrix called upon Dr. Miller to have an abortion performed.

Appellant's counsel insist, however, that it was error to overrule said motion, even if it be conceded that the testimony was not such as could have been given by the physician upon objection made, inasmuch as it could not be determined beforehand that the relatrix would have objected to the testimony on the ground of its being privileged. This position cannot be maintained. The relatrix by objecting to the continuance sufficiently manifested her purpose to object to the testimony when offered, and it would have been fruitless to continue a cause for evidence which could not have been available in any event.

The appellant also asked for a continuance on account of the absence of a servant girl of Dr. Miller, whose name the appellant says in the affidavit he does not know, and who, as he is informed and believes, was present at Dr. Miller's office during the time of said interview between the relatrix and said Dr. Miller, and at the examination, and that she will so testify, and that she admitted relatrix and her said male companion to the office and saw them both, and would recognize either of them, and that said male companion was a tall, rather slender young man, with brown mustache, and not the appellant. The appellant stated in his affidavit that the fact that said servant girl was present and would testify as aforesaid, first came to the appellant's knowledge on the day before the affidavit was made through said Dr. Miller, and that her name and address are unknown to him, but that her name and address are known to said Dr. Miller, as appellant is informed and believes, and can be obtained by appellant for the purpose of securing her evidence ; that appellant had no knowledge of the facts, and it was impossible

for him to know and he had no means of knowing that said servant was in attendance at said time, until informed of the fact through Dr. Miller on the day before the making of the affidavit, and too late to take her deposition.

The granting or overruling of a motion for a continuance is largely a matter of discretion with the trial court, and unless it clearly appears that such discretion has been abused, the appellate tribunal will not reverse a judgment on account of a ruling on such motion. *Moulder* v. *Kempff*, 115 Ind. 459 ; *Cerealine Mfg. Co.* v. *Bickford*, 129 Ind. 236.

We do not think the facts stated in the affidavit show that the testimony of the girl could be obtained within a reasonable time if the continuance were granted. It is not claimed that her residence or even her name is known to the appellant. The fact that Dr. Miller knows these facts cannot aid the appellant. For aught that appears the witness may reside in Europe, or in some remote part of the globe where it is impossible to secure her testimony. It is not even stated that she resides in Chicago. No diligence is shown to ascertain her name and residence. If Dr. Miller knew on the day before the affidavit was made where the witness resides, no good reason is shown for the appellant's failure to obtain said information from Dr. Miller in time to impart it to the court. It would not have been sufficient to state that appellant believed the testimony of the witness could be procured within a reasonable time, without giving the facts upon which such belief is based, or if such facts when given did not warrant such belief. *Ohio, etc., R. W. Co.* v. *Dickerson*, 59 Ind. 317 ; *Demming* v. *Peterson*, 10 Ind. 251. But this affidavit does not even go so far as that. It entirely fails to make any showing as to the probability of securing the witness's testi-

mony, and is, therefore, clearly insufficient. Hence, granting that the testimony would have been competent and material, there was still no error in overruling the motion for a continuance.

What has been said respecting the competency of Dr. Miller's testimony disposes also of another question raised by appellant's counsel. The court struck out certain testimony given by the relatrix before a justice of the peace, concerning the examination of the relatrix by Dr. Miller. This action of the court was eminently proper and right, for if the matter was privileged, as we think it was, the relatrix could not be made to divulge it any more than the physician could over her objection.

The same question also arises upon the cross-examination of the relatrix at the trial, where the court sustained her objection to being compelled to give any testimony relative to said examination.

There was no error in the court's refusal to allow another physician to testify on behalf of appellant that the relatrix's child was perfectly developed. This information was also privileged.

In one of its instructions, the court informed the jury that it was not controverted that the relatrix was pregnant. It is insisted that this was error. Ordinarily such an instruction would unquestionably be an invasion of the province of the jury. But in the present case it appears from the record that such an admission was expressly made. The court, during the progress of the trial, asked counsel if there was any controversy about the pregnancy and birth of the child, to which counsel for appellant answered that there was none, and the court directed the admission to be made of record, and "it was thereupon admitted in open court by the defendant that the relatrix Martha Hill was preg-

nant with and delivered of a bastard child on the 11th day of August, 1894."

In view of this admission there was no error in the giving of the instruction complained of.    We think we have disposed of all the questions that may be said to have been fairly presented by the record and discussed by appellant's counsel in their brief.    There is no available error.

Judgment affirmed.

Filed February 21, 1896.

### DISSENTING OPINION.

GAVIN, C. J.—I am not of the opinion that consultation with, and examination and services of, a physician in pursuance of the request to examine appellee and ascertain her condition, and if found pregnant to relieve her of the child, come within the protection of the law as privileged communications.    Such transaction is not within the legitimate course of the physician's profession.    *People* v. *Van Alstine,* 57 Mich. 69 ; *Regina* v. *Cox,* 6 Crim. Law Mag. 569 ; *People* v. *Mahon,* 1 Utah 205 ; *Hughes* v. *Boone,* 102 N. C. 137.

DAVIS, J., concurs in the dissent.