## INDIANA UNION TRACTION COMPANY *v.* THOMAS.

[No. 6,468.    Filed May 18, 1909.    Rehearing denied October 28, 1909.]

1. TRIAL.—*Instructions.—How Considered.*—Instructions in a case are considered as a whole, and if they fairly state the law, prejudicial error is not shown. p. 470.
2. TRIAL.—*Instructions.—Interurban Railroads.—Alighting from.*— An instruction that the plaintiff must prove (1) that she was injured, and (2) that the injury was proximately caused by the defendant interurban railroad company's negligent starting of its car with a jerk, and that it was defendant's duty to stop its car a sufficient length of time for the plaintiff, considering her age, sex and physical strength, to alight safely, and to provide facilities enabling the plaintiff to alight safely, does not make defendant an insurer of plaintiff's safety, where other instructions explained the legal effects of contributory negligence and pure accidents and another stated that defendant was not an insurer. p. 470.
3. TRIAL.— *Instructions.— Construction.— Harmony.*—Separate instructions are required to be given on the various branches of the case on trial, and, on appeal, such instructions will be considered as harmonious where they reasonably may be so construed. p. 471.
4. TRIAL.— *Instructions.— Interurban Railroads.—Passengers.*—An instruction that an interurban railroad company is bound to use the highest degree of care for the safety of its passengers, provided they are not guilty of contributory negligence, is not misleading, where other instructions said that defendant was not an insurer, and that the highest practicable care consistent with the practicable operation of the road was all that was required. p. 471.
5. TRIAL.—*Instructions.—Interurban Railroads.—Alighting From.— Assuming Facts.*—An instruction that if the plaintiff knew that the defendant interurban railroad company's car had stopped for her to alight therefrom, she had a right to assume that it would not be started until she had a reasonable time in which to alight, does not assume that defendant put the plaintiff into a position of danger. p. 473.

6. INTERURBAN RAILROADS.—*Passengers.*—*Performance of Duty.*— Reliance Upon.—Passengers of an interurban railroad company, who are without fault, may rely upon the company's performance of its duty. p. 473.

7. TRIAL.—*Instructions.*—*Damages.*—*Considering All the Evidence.* —An instruction that the jury in estimating the damages, besides certain specified things, might consider "every particular and phase of ·the injury proved," does not permit the jury to consider evidence, such as the plaintiff's religious affiliation, which has nothing to do with the damages. p. 474.

8. TRIAL.—*Instructions Requested Covered by- Those Given.*—It is proper to refuse instructions requested that are already covered by those given. p. 475.

9. EVIDENCE.—*Privileged.*—*Declarations of Patient to Physician.*— Witnesses.—A plaintiff, in an action for damages, cannot be required to divulge her declarations to her physician, made in the presence of a third person, as to how the injury occurred, although such third person, unless her presence is necessary to enable the patient and physician to communicate, is not privileged from testifying thereto. p. 475.

10. APPEAL.—*Evidence.*—*Presenting Error.*—Questions on the exclusion of evidence, to be available, must be clearly shown by the record. p. 476.

11. APPEAL.—*Weighing Evidence.*—The Appellate Court will not weigh conflicting evidence. p. 476.

From Delaware Circuit Court; *Joseph G. Leffler,* Judge.

Action by Mary Thomas against the Indiana Union Traction Company. From a judgment for plaintiff on a verdict for $500, defendant appeals. *Affirmed.*

*J. A. Van Osdol, W. A. Kittinger* and *Rollin Warner,* for appellant.

*George H. Koons, Isaac H. Gray* and *Frank Ellis,* for appellee.

MYERS, J.—The appellee recovered judgment against the appellant for personal injuries sustained by her in alighting from a car operated by appellant. Appellant's motion for a new trial was overruled, and this action of the court is the only error assigned.

Our attention is first directed to objections urged to certain instructions given to the jury, and to the action of the court

in refusing to give certain instructions asked for by appellant.

The familiar rule upon appeal, that the instructions of the trial court are to be considered as a whole for the purpose of ascertaining the impression given by the court to the jury, is applicable to the arguments of counsel on the instructions in this case.

1.

In its second instruction the court stated that the gist of the action was that the appellee was injured by the appellant's negligently starting or jerking the car in which she was a passenger while she was alighting from it; and that to entitle her to recover "she must establish by a preponderance of the evidence: (1) That she was injured; (2) that such injury was the direct and proximate result of the careless starting or jerking of such car while she was alighting therefrom, or attempting to alight therefrom. It is the duty of the jury to determine whether the defendant was guilty of negligence in the alleged starting or jerking of the car, while the plaintiff was in the act of getting off, and whether the injuries complained of were caused thereby; and in settling these things they may consider, with all other circumstances of the case in evidence, whether the car was fully stopped, and, if stopped, whether a sufficient length of time for the plaintiff to alight safely, her age, sex and physical strength being considered. It was the duty of the defendant to stop the car for such length of time, and to provide such facilities, as would enable the plaintiff to alight safely, and it should be held to a strict compliance with such duty."

2.

It is contended that this instruction told the jury, in effect, that the appellant was an insurer of the safety of the appellee. Aside from the statements in the instruction as to the proof of negligence on the part of the appellant necessary to a recovery, the jury was fully and correctly charged in other instructions upon the subject of contributory negligence of the appellee. Also, that a pure accident, where there was an

entire absence of negligence, would not supply a cause of action. Also, that if the appellee was thrown to the street and injured by some accident, or in some way or manner that had not been fully explained, or which had been explained or was unexplainable, and not from any negligence, as charged against the appellant, the appellee could not recover. And in one of the instructions the jury was told: "The defendant in this case was not the insurer of the plaintiff's safety while she was riding as a passenger upon one of its cars, or while attempting to alight therefrom, if she did attempt so to do."

The statute (§558 Burns 1908, cl. 5, §533 R. S. 1881) contemplates that the different branches of a case shall be presented to the jury separately, in numbered instructions, and in such orderly presentation that the language of one instruction will, of course, be taken by the jury, as intended by the court, to be subject to, and harmonious with, what is said in other instructions given at the same time. This court will not be disposed to regard instructions as having presented conflicting statements when they may be harmonized and treated as consistent with each other under any reasonable construction.

Instruction four contains as a part of it the statement, "that a street-car company is a common carrier, and is bound to use the highest degree of care for the safety of passengers, from the time they enter the car until they leave it, and is liable for an injury to a passenger by a failure to exercise such care, provided that such passenger is not guilty of any fault or negligence on his part which materially contributes to the injury." This instruction is criticised by counsel as ignoring the rule alleged to be that the high degree of care required of the carrier for the safety of its passengers must be consistent with the mode of conveyance employed, or must be the highest practicable degree of care. The instruction in question is substantially a copy of an instruction, held not to be erroneous, in *Conner* v. *Citizens*

*St. R. Co.* (1896), 146 Ind. 430. In that case, the instruction was objected to by the plaintiff on the ground that it did not go further and tell the jury that the care required of the passenger in order to exonerate him from contributory negligence was not the same high degree required of the carrier, but that the law only required of the passenger ordinary care. It was said by the court, that the instruction was not erroneous as given, and would not have been erroneous with the addition claimed.

This court, in the case of *Anderson* v. *Citizens St. R. Co.* (1895), 12 Ind. App. 194, 197, quotes from the case of *North Chicago St. R. Co.* v. *Cook* (1893), 145 Ill. 551, 33 N. E. 958, the following: " 'Carriers of passengers are held to the exercise of the utmost or highest degree of care, skill and diligence for the safety of the passenger that is consistent with the mode of conveyance employed. The car or train was in the control of the conductor and he was required to know, if by the exercise of due care, caution and diligence in the discharge of his duties he could know, whether any person was attempting to get on or off his train or car, before permitting the same to start in such manner as would be liable or likely to injure a person so getting on or off the same.' "

In the case of *Louisville, etc., R. Co.* v. *Lucas* (1889), 119 Ind. 583, 590, 6 L. R. A. 193, the court, having under consideration a like question against a steam railroad company, said: "A railroad company may not be bound to foresee and provide against accidents that no one could by the highest degree of practicable care anticipate, but it is bound to use the highest degree of practicable care to provide against accidents to passengers that may be foreseen and prevented." This statement of the law was limited in *Pere Marquette R. Co.* v. *Strange* (1908), 171 Ind. 160, but with the limitation it is applicable to the question under consideration.

We are here considering one of a number of instructions in a case against a company which the jury could not fail to

regard as carrying on a lawful business. Whether we would be justified in assuming that the jury receiving such an instruction would take it in a sense which would render the pursuit of that business impossible, we need not determine. Doubtless such a verbal addition as that suggested by counsel is proper in an instruction as to the degree of care required of the carrier of passengers; but the strict degree of care required by this instruction was, in the seventh, shown to be "the highest degree of care to secure the safety of its passengers consistent with the practical operation of its road and the mode of traveling, and the character of the mode of traveling and the character of the conveyance in use." We cannot conclude that the jury was misled as to the degree of negligence which would render the appellant answerable in the absence of contributory negligence.

Instruction seven and one-half was as follows: "The law does not require the same foresight and prudence of one suddenly and unexpectedly placed in a dangerous position by the wrongful act of a common carrier as is ordinarily required; and if the plaintiff knew the car had stopped to let off passengers at a street crossing, where cars were accustomed to stop for the discharge of passengers, she had a right to assume that the car would stop long enough for all to alight who desired; and if she was proceeding in reasonable haste to get off, she had a right, without something took place to put her on her guard, to act upon the theory that the defendant would do its duty with respect to the length of the stop." We do not find in this instruction any assumption that the appellant had, as a matter of fact, put the appellee in a dangerous position; nor do we discover any error in the statement as to what the passenger might assume under the contingencies stated in the instruction. A passenger upon a street-car, himself exercising due care, may assume that the street-car company will do its duty under the circumstances. "The pas-

sengers, it is reasoned, have the right to assume that the car will not be started after it has stopped to let off passengers, without the driver's first using reasonable care and diligence to ascertain whether any passenger is in the act of alighting, and also that the car will not be started in a sudden and violent manner." 3 Thompson, Negligence (2d ed.), §3522.

An instruction relating to the elements of appellee's damages permitted the jury to take into consideration a number of matters specified, and stated that "every particular and phase of the injury proved may enter into the consideration of the jury in estimating her damages." This is criticised on the ground that it is not limited to such damages as are the direct and proximate result of appellant's negligence, and such as are established by evidence relevant thereto.

The words objected to are not equivalent to a permission to take into consideration, in estimating the damages, all the facts and circumstances in evidence in the case; but the permission is confined to the consideration of the particulars and phases of the injury proved. The court in another instruction, which we have set out, required appellee to establish by a preponderance of the evidence that she was injured, and that such injury was the direct and proximate result of the negligent and careless starting or jerking of the car while she was alighting or attempting to alight therefrom. We cannot presume that the court in the words quoted from the instruction relating to the measure of damages conveyed to the jury the idea that they might consider in the assessment of damages any evidence that did not relate to the injuries and the extent thereof. The only fact in evidence to which appellant has referred us as a fact not proper to be considered in assessing damages, was that appellee belonged to a certain religious denomination. That was not evidence of a "particular," or "phase of her injury," and certainly the jury could not have supposed that the court was referring to that fact in its instruction.

8. Some of the instructions tendered by the appellant were refused. The instruction given covered all that was pertinent and proper in those refused.

The appellee testified as a witness in her own behalf, and in the course of her examination-in-chief testified to services rendered to her by Doctor Green immediately after

9. the injury. Upon her cross-examination it was sought to ask her whether on the day of the injury she made to her said physician, at the residence of and in the presence of her daughter and in the presence of Bessie Mansfield, certain statements descriptive of the manner in which the injury occurred. Objections to these questions were sustained. The statements about which the inquiries were made were in the nature of privileged communications to a physician, within the intent of the statute. §520 Burns 1908, subd. 4, §497 R. S. 1881. Without the consent of the patient the physician could not testify to such statements made by the patient, and the patient could not be compelled to divulge communications between herself and her physician. *Post* v. *State, ex rel.* (1896), 14 Ind. App. 452; *Citizens St. R. Co.* v. *Shepherd* (1902), 30 Ind. App. 193; *George* v. *Hurst* (1903), 31 Ind. App. 660; *Penn Mutual Life Ins. Co.* v. *Wiler* (1885), 100 Ind. 92, 50 Am. Rep. 769.

The privilege attaches, notwithstanding the presence of third persons; and while as to such a communication made in the presence of others, where such other persons are not necessary to enable the patient and the physician to communicate with each other, such persons may be admitted to testify concerning the communication, yet the privilege still exists so far as to exclude the testimony of the physician and the patient as well from divulging such communications as a witness. *Post* v. *State, ex rel., supra; Masons Union Life, etc., Assn.* v. *Brockman* (1901), 26 Ind. App. 182; *Springer* v. *Byram* (1894), 137 Ind. 15, 23 L. R. A. 244, 45 Am. St. 159. Bessie Mansfield testified as a witness, and related

what took place in the sick-room, including the statements of appellee to the physician.

Appellant suggests that one of the questions asked the appellee on cross-examination related to a statement made in the presence of Bessie Mansfield when Doctor Green was not present, but from the state of the record on this subject we are unable to say that any error in this regard is shown.

This cause appears to have been fully and fairly presented to the jury. The evidence was conflicting, and would have upheld a verdict for appellant; but as the jury found for appellee, which was clearly its province, a judgment rendered thereon will not be disturbed on appeal.

Judgment affirmed.