## INDIANA QUARRIES COMPANY v. LAVENDER.

[No. 9,168. Filed December 3, 1916. Rehearing denied May 11, 1917.]

1. MASTER AND SERVANT.—*Injuries to Servant.*—*Employers' Liability Act.*—*Complaint.*—*Sufficiency.*—In a servant's action against the master for personal injuries, where a paragraph of complaint alleged that defendant was a corporation engaged in a business in this State employing more than five persons, that plaintiff's injury was sustained while in the employ of defendant, that plaintiff operated a machine, the engine and gearing of which were defective and out of repair so that when the machine was stopped it did not always remain stationary but would sometimes move along the track on which it ran, and that the injury was caused by the master's carelessness in permitting the defective condition to remain and exist for months prior to the injury, such averments show a cause of action under §8020a Burns 1914, Acts 1911 p. 145, making the employer liable for his negligence, or that of his agents, servants, etc., and §8020c Burns 1914, eliminating the defense of assumption of the risks of employment for negligence of fellow servants. p. 422.

2. MASTER AND SERVANT.—*Injuries to Servant.*—*Employers' Liability Act.*—*Complaint.*—*Sufficiency.*—In a servant's action against the master for personal injuries, a complaint alleging that defendant was engaged in a business in this State in which more than five men were employed, that plaintiff, a quarry workman, had his hand run over by a channeling machine which he was operating, and that, because the master negligently failed to properly maintain the track upon which the machine ran, it suddenly started and caused the injury, states a cause of action under §8020a Burns 1914, Acts 1911 p. 145, making the employer liable for his negligence or that of his agents, servants, etc., §8020b Burns 1914, eliminating the defense that dangers inherent or apparent in the employment contributed to the injury and placing upon the master the burden of proving the employe's negligence if the servant was injured in obeying the master's orders, and §8020c Burns 1914, abolishing the defense of assumption of risk of the employment or negligence of fellow servants. p. 422.

3. MASTER AND SERVANT.—*Injuries to Servant.*—*Employers' Liability Act.*—*Complaint.*—*Sufficiency.*—In a servant's action against the master for personal injuries, a paragraph of complaint alleging that defendant was engaged in a business in

this State employing more than five persons, that plaintiff and a fellow servant were operating channeling machines which ran upon the same track, and that the latter negligently started his machine, thereby producing a vibration of the track which caused the servant's machine to start suddenly and to run over him, states a cause of action under §8020a Burns 1914, Acts 1911 p. 145, making the employer liable for his negligence or that of his agents or servants.  p. 423.

4.  TRIAL.—*Verdict.*—*Scope.*—A general verdict for plaintiff is a finding in his favor as to all paragraphs of complaint and of every issuable fact in each of such paragraphs.  p. 424.

5.  TRIAL.—*Verdict.*—*Answers to Interrogatories.*—To overcome the general verdict, the answers to interrogatories must show that they are in such irreconcilable conflict with the general verdict that it cannot be sustained on any paragraph of the complaint, or by any evidence that might have been offered under the issues.  p. 424.

6.  MASTER AND SERVANT.—*Injuries to Servant.*—*Action.*—*Verdict.*—*Answers to Interrogatories.*—In a servant's action against the master, where the complaint alleged defective machinery and appliances, answers to interrogatories showing that it was the servant's duty to inspect his machine, but that defendant also provided inspectors to inspect and keep the machines in repair if plaintiff could not do so, and that one of such inspectors had informed plaintiff that his machine had been fixed after it had been out of repair two weeks before the accident causing the injury, are not in such conflict with a general verdict for plaintiff as to overcome it in view of the Employers' Liability Act of 1911 (Acts 1911 p. 145, §8020a *et seq.* Burns 1914), concerning the employer's liability for defective appliances.  p. 425.

7.  TRIAL.—*Verdict.*—*Answers to Special Interrogatories.*—Where a complaint in an action for personal injuries consisted of several paragraphs and the jury returned answers to special interrogatories which were not in irreconcilable conflict with the verdict for plaintiff if it was based on the first paragraph of complaint, it is unnecessary to consider the question as to the other paragraphs, since the general verdict presumably rests on all of them and should be sustained if supported by any.  p. 425.

8.  CONTINUANCES. — *Grounds.* — *Absent Witness.* — *Affidavit.*—*Requisites.*—*Statute.*—Under §419 Burns 1914, §410 R. S. 1881, requiring that an affidavit for a continuance because of the absence of a witness show the name and residence of the witness, if known, and the probability of procuring the testimony within a reasonable time, it was no abuse of the trial court's discretion

to deny an application for a continuance, where it appeared that the case was set for trial September 16 and a subpœna issued on September 11 was placed in the hands of the sheriff, who three days thereafter made a return that the witness could not be found, the affidavit for the continuance not showing any probability of procuring the attendance of the witness within a reasonable time. p. 425.

9. APPEAL.— *Record.— Failure to Incorporate Instructions.*— No question as to the giving and refusal of instructions can be considered on appeal, where the instructions are not properly incorporated in the record. p. 427.

10. APPEAL.—*Review.—Instructions.—Incorporation in Record.— Time of Filing.—Statute.*—Under §561 Burns 1914, Acts 1907 p. 652, requiring that all instructions, whether given or refused, shall be filed with the clerk at the close of the instruction of the jury, exceptions to the giving of instructions will not be reviewed on appeal where the transcript merely shows that the "court instructs said jury by reading certain written instructions, which instructions are filed by the court and made a part of the record in this case," certain instructions being set out, since there must be a substantial compliance with the provisions of the statute and the time of filing is an essential part of the identification of the instructions. p. 427.

From Lawrence Circuit Court; *Oren O. Swails,* Judge.

Action by Claude H. Lavender against the Indiana Quarries Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Underwood & Underwood,* for appellant.
*James E. Boruff* and *Ray R. Boruff,* for appellee.

FELT, J.—This is a suit for damages for personal injuries. The complaint is in three paragraphs on which issues were joined by general denial. A trial by jury resulted in a verdict for appellee for $3,250, on which judgment was rendered. From this judgment appellant has appealed and assigned as error: the overruling of its separate demurrer to each paragraph of the complaint; the overruling of appellant's motion for judgment on the answers of the jury to the interrogatories

notwithstanding the general verdict; the overruling of its motion for a new trial.

The first paragraph of complaint alleges in substance that on October 12, 1912, appellant was a corporation duly organized and doing business in Lawrence county, Indiana, and engaged in quarrying and shipping stone; that it was then and there engaged in business, trade and commerce and in so doing employed a large number of persons, more than five in number; that on and prior to the date aforesaid appellee was employed by appellant to operate a machine called a channeler and on said day was operating a Sullivan channeler which ran back and forth over two T-rails laid about four feet apart and ninety-six feet long; that another similar machine was being operated on the same track by one William Paxton; that the machine operated by appellee faced the east, and the one operated by Paxton faced to the west; that each of said machines was operated by two engines, one of which was used to raise and lower the drills which did the channeling, and the other and smaller engine moved the machine along the track; that a Sullivan machine is stopped by moving a certain lever and placing the machine on "center"; that when such machine is in good repair and in perfect working condition, and so stopped, it will not move until taken off "center"; that the larger of the two engines operated the drills which do the channeling, and to stop channeling such engine was put on "cushion," and the drills, though in motion, would not then strike the stone; that appellant carelessly and negligently permitted the small engine and gearing on said machine operated by appellee to become defective and out of repair so that when the aforesaid machine or engine was placed on "center" and the machine stopped it would not at all times remain on "center" and keep the engine from moving; that appellant knew the small engine on the machine

operated by appellee was defective and dangerous to the life and limbs of those operating it, or might by the exercise of reasonable care have known thereof, and that it would not remain stationary when placed on "center"; that while operating said machine on the day aforesaid, a spaul or piece of rock fell down into the channel where the drills were operating and it was necessary for appellee in the line of his duty to remove the same in order to continue his work of channeling; that thereupon he set the small engine on "center" by using the lever provided for that purpose and went behind the machine to remove the spaul from the channeled space in the rock; that in so doing he laid his left hand on one of the T-rails, when on account of its defective condition aforesaid the machine suddenly ran backward and caught his hand and cut and mangled it so that he lost all but the thumb and a part of one finger; that "said injury was caused by reason of the defective condition of the small engine on his channeling machine and the carelessness of said defendant in permitting said condition to exist, and to have remained for months prior to his injury."

The second paragraph of complaint contains the same general averments as the first paragraph and also charges that a track was laid over and upon the stone to be channeled, along and over which said machines were propelled; that it was necessary to the operation and safety of the machines that the track be kept level; that appellant employed one William Paxton to lay and level said tracks and it was his business to see that the track was kept level; that Paxton carelessly and negligently failed and neglected to keep and maintain said track level, and carelessly and negligently inclined the same toward the west; that it became, and was, necessary for appellee in the line of his duty to remove a spaul or small stone from the channel made by the drills and to do so he had to place his left hand upon one

of the T-rails of the track, and thereupon while in that position and while working in the line of his duty, on account of the track inclining downward and westward toward his hand, and the negligence of said Paxton in failing to make the track level, the machine suddenly ran over his left hand and injured him as alleged.

The third paragraph contains substantially the same general averments as the first and second and alleges that while appellee was engaged in removing the spaul from the channel made by the machines, William Paxton, an employe of appellant, operating another channeling machine on said track, suddenly, carelessly and negligently started his machine and caused the track to vibrate and thereby caused appellee's machine to start and move to the west and injure his hand in the manner aforesaid.

The demurrer to each paragraph of the complaint was for insufficiency of the facts alleged to state a cause of action. The memorandum contains numerous specifications of alleged reasons for such insufficiency, the gist of which is that the allegations fail to show any negligence on the part of appellant which was the proximate cause of appellee's injury; the allegations fail to show that appellee did not know and appreciate the danger incident to his employment; that each paragraph shows the injury was due to an unavoidable accident on the part of a fellow servant which could not have been foreseen and guarded against by appellant; that the injury was due to hazards inherent in the employment and the risk was assumed by appellee; that the allegations conclusively show that appellee's injury was contributed to by his own negligence; that they fail to show the master's knowledge of the alleged defects in time to make repairs and avoid the accident; that the averments do not negative knowledge of the defects on the part of

appellee; that the averments fail to state a cause of action under the Employers' Liability Act of 1911.

Each paragraph of the complaint seeks to state a cause of action under the Employers' Liability Act of 1911 (Acts 1911 p. 145, §8020a *et seq.* Burns 1914) and must therefore be tested by such theory.

Section 1 of the act provides: "That any person, firm or corporation while engaged in business, trade or commerce within this State, and employing in such business, trade or commerce, five or more persons shall be liable and respond in damages to any person suffering injury while in the employ of such person, firm or corporation * * * where such injury or death resulted in whole or in part from the negligence of such employer or his, its or their agents, servants, employees or officers, or by reason of any defect, mismanagement or insufficiency, due to his, its or their carelessness, negligence, fault or omission of duty."

Section 2 of the act (§8020b Burns 1914) provides: "In actions brought against any employer under the provisions of this act for the injury or death of any employe, it shall not be a defense that the dangers or hazards inherent or apparent in the employment in which such injured employe was engaged contributed to such injury."

Section 3 of the act (§8020c Burns 1914) provides: "In any action brought against any employer under the provisions of this act to recover damages for injuries to or the death of, any of his, its or their employes, such employe shall not be held to have assumed the risk of any defect in the place or work furnished to such employe, or in the tool, implement or appliance furnished him by such employer, where such defect was, prior to such injury, known to such employer or by the exercise of ordinary care might have been known to him in time to have repaired the same or to have discon-

tinued the use of such defective working place, tool, implement or appliance. The burden of proving that such employer did not know of such defect or that he was not chargeable with knowledge thereof in time to have repaired the same or to have discontinued the use of such working place, tool, implement or appliance, shall be on the defendant, but the same may be proved under the general denial."

The averments of each paragraph of the complaint bring it within the general purview of the statute. The first paragraph of the complaint shows that the small engine and the gearing of the machine operated by appellee became and were defective and out of repair so that when the machine was stopped and set on "center" it would not always remain still but would sometimes start and move along the track because of such defective condition when it should have remained stationary on the track; that appellee's injury was caused by the carelessness of appellant in permitting such defective condition to exist "and to have remained for months prior to appellee's injury." These averments state a cause of action under the first and third sections of the act of 1911, *supra,* and we therefore hold the first paragraph sufficient. *Kokomo Brass Works* v. *Doran* (1915), 59 Ind. App. 583, 588, 105 N. E. 167; *Vandalia R. Co.* v. *Stillwell* (1913), 181 Ind. 267, 271, 104 N. E. 289, Ann. Cas. 1916 D 258; *Vandalia Coal Co.* v. *Alsopp* (1915), 61 Ind. App. 649, 109 N. E. 421, 422; *Domestic Block Coal Co.* v. *DeArmey* (1913), 179 Ind. 592, 601, 100 N. E. 675, 102 N. E. 99.

The gist of the second paragraph of complaint is that it was necessary to keep the track level on which the machines operated, and that appellant negligently failed to so keep and maintain the track and because thereof appellee's machine suddenly started

and crushed his hand. These averments state a cause of action under the first, second and third sections of the act, *supra.*

The gist of the third paragraph is that Paxton, a fellow servant of appellee, negligently started the machine he was operating while appellee was in the act 3. of removing the spaul from the channel in the stone, and thereby produced vibration of the track which caused appellee's machine to start suddenly and run over and crush his hand. This paragraph states a cause of action under the first section of the act, *supra. Indiana Quarries Co.* v. *Farmer* (1915), 184 Ind. 411, 110 N. E. 549; *Central, etc., R. Co.* v. *Clark* (1916), 63 Ind. App. 49, 112 N. E. 892; *Chicago, etc., R. Co.* v. *Mitchell* (1915), 184 Ind. 588, 110 N. E. 680.

Since each paragraph of complaint is sufficient under the statute, it is unnecessary to consider the propositions discussed by appellant relating to common-law liability.

The answers of the jury to interrogatories in substance show that appellee had been operating a channeling machine for five months or more before his injury, and that he had full control of the machine he operated; that it was his duty to see that the machine was in good running order, to make such adjustments and repairs as he could make and report to the mechanic such as he could not make; that appellee's machine got off "center" two or three weeks before he was injured and he was told by one of appellant's mechanics that it had been fixed; that each operator of a channeling machine inspected it and reported defects; that appellant had its channeling machines inspected by the operators of them and also by mechanics; that appellee stopped his machine before attempting to remove the spaul from the channel cut and placed his hand on the

T-rail with his back to the machine, and was injured while in that position; that the machine started because of the defective gearing; that the gearing and dogs on the small engine of machine No. 9 operated by appellee were defective; that appellant required operators of such machines to have skill and experience sufficient to inspect the machines, and appellee had such skill; that the friction gear is a part of the engine; that William Paxton on the day of appellee's injury was operating a similar machine on the same track; that appellee and Paxton were of equal rank in employment and appellee was not required to obey the orders of Paxton; that it was a part of appellee's duties to level the part of the track on which his machine ran; that the track was out of level one-half inch to twelve feet at the place where appellee was injured and the condition of the track had something to do with apellee's injury; that it was the custom for appellee and Paxton to start and stop their respective machines without notifying the other party, and this custom was known to appellee; that the starting of Paxton's machine probably had something to do with appellee's injury by jarring the track. Appellant asserts that the answers conclusively establish the fact that appellee was guilty of contributory negligence; that his opportunity was better than that of the master to ascertain the defects which caused his injury, and that the answers conclusively show that the master could not have been negligent as alleged without appellee also being guilty of negligence contributing to his injury.

The general verdict is a finding in appellee's favor as to all the paragraphs of the complaint and of every issuable fact in each of such paragraphs. To overcome the general verdict the answers to the interrogatories must show that they are in such irreconcilable conflict with the general verdict that it cannot be sustained on either of such para-

graphs, or by any evidence that might have been offered under the issues of the case.

The first paragraph charges defective machinery and appliances. The answers show that it was appellee's duty to inspect his machine, but they also show
6. that appellant provided mechanics other than the operators of the machines to inspect and keep them in repair, and that one of such mechanics had informed appellee that his machine had been fixed after it had been out of repair some two weeks before the accident.

Keeping in mind the provisions of the act of 1911, *supra,* which state the conditions under which an employer may be held liable to an employe for a personal injury and the provisions relating to the assumption of risks, it becomes apparent that the answers are not in irreconcilable conflict with the general verdict based on the first paragraph of the complaint. Appellee was required to use ordinary care for his own safety and the answers do not show that a reasonably prudent person in the exercise of ordinary care would not have done as he did under the circumstances, or that such person would have done something he failed to do to avoid the accident. The answers fall short of showing
7. that they are in irreconcilable conflict with the general verdict if based on the first paragraph of complaint, and it therefore becomes unnecessary to consider the question in relation to the other paragraphs, since the general verdict presumably rests on all the paragraphs and the motion was properly overruled if it may be sustained on either one or more of the paragraphs of the complaint.

Under the assignment that the court erred in overruling the motion for a new trial, appellant presents
8. alleged error of the court in overruling its application for a postponement of the trial on account

of the absence of two witnesses. The affidavit for the continuance was made on the day the case was set for trial and sufficiently sets forth the materiality of the evidence and the competency of the absent witnesses. The case was set for trial on September 16, 1914, in the Lawrence Circuit Court. The subpœna was issued on September 11, 1914, and placed in the hands of the sheriff of Lawrence county, who, on September 14, made return showing the witnesses not found in his bailiwick. The affidavit states that appellant then learned for the first time of the absence of the witnesses and that they "are now in the state of Michigan at work in a stone quarry, but the exact location of said quarry is unknown" to appellant and its attorneys; that affiant believes the statements to which said absent witnesses will testify to be true and appellant "is unable to prove said facts by any other witness whose testimony can be as readily procured"; that the absence of the witnesses had not been procured by the act or connivance of appellant or by any other person at its request or with its knowledge or consent.

Section 419 Burns 1914, §410 R. S. 1881, which authorizes the postponement of trials on account of the absence of evidence, among other things, requires the affidavit to show "that due diligence has been used to obtain it, and where the evidence may be; and if it is for an absent witness, the affidavit must show the name and residence of the witness, if known, and the probability of procuring the testimony within a reasonable time." The showing of diligence to procure the attendance of the absent witnesses is not satisfactory and there is no showing of any probability of procuring the attendance of the witnesses within a reasonable time. Trial courts have a judicial discretion in granting or refusing continuances, and on the showing made in this case there was no such abuse of that discretion as will warrant

this court in reversing the judgment because of the court's refusal to postpone the trial. *Post* v. *State, ex rel.* (1895), 14 Ind. App. 452, 458, 42 N. E. 1120; *Deacon* v. *Rasch* (1906), 40 Ind. App. 77, 80, 81 N. E. 84; *Dunnington* v. *Syfers* (1901), 157 Ind. 458, 462, 62 N. E. 29; *Weaver* v. *State* (1899), 154 Ind. 1, 4, 55 N. E. 858; *Pettit* v. *State* (1893), 135 Ind. 393, 405, 34 N. E. 1118.

Appellant complains of the giving of certain instructions to the jury and of the refusal to give others tendered by it, but the instructions are not properly in the record and cannot be considered.

The case seems to have been fairly tried and a correct result reached on the merits. There is evidence tending to sustain the verdict. No intervening errors have been pointed out that deprived appellant of any substantial right or that warrant a reversal. Judgment affirmed.

## On Petition for Rehearing.

Felt, J.—Appellant insists that the trial court erred in overruling its motion for a new trial, and that this court erred in holding that reversible error is not shown in the giving of the instructions, and bases this contention on instruction No. 7 given by the court at the request of appellee.

Appellee in his original briefs contends that the instructions are not properly in the record because it does not appear from the transcript that any of the instructions were filed with the clerk or that they were so filed at the close of the instruction given the jury; that it does not appear that either the instructions given or those tendered and refused by the court were filed as required by §561 Burns 1914, Acts 1907 p. 652, which appellant has undertaken to follow.

The only entry on the subject shown by the transcript is as follows: "Evidence is again resumed and concluded. Arguments are by the different counsel heard. Court instructs said jury by reading certain written instructions which instructions are filed by the court and made a part of the record in this case, and are in the words as follows, to wit: (Copies of certain instructions are here set out)." Section 561 Burns 1914, *supra,* among other things, provides that: "All instructions requested, whether given or refused, and all instructions given by the court of its own motion, shall be filed with the clerk of the court at the close of the instruction of the jury." There must be substantial compliance with all the provisions of the statute to authorize the consideration of instructions claimed to be in the record in pursuance of its provisions. The record entry, when liberally construed, shows that the instructions given were filed by the court, and made a part of the record, but it does not show that the instructions tendered and refused were so filed and made a part of the record. Furthermore, the record does not show when the instructions were filed, and the statute requires them to be "filed with the clerk of the court at the close of the instruction of the jury." Compliance with the statute as to the time of such filing is an essential part of the identification of the instructions and the record in this case does not show such compliance as will enable the court to consider the instructions. The court is not permitted to speculate with statutory requirements, but is bound to enforce them. Such being the state of the record, we need not consider the other alleged reasons why the instructions cannot be considered. *Speck* v. *Kenoyer* (1904), 164 Ind. 431, 438, 73 N. E. 896; *Inland Steel Co.* v. *Smith* (1906), 168 Ind. 245, 251, 80 N. E. 538; *Cleveland, etc., R. Co.* v. *Powers* (1909), 173 Ind. 105, 123, 88 N. E. 1073, 89

N. E. 485; *Baker* v. *Gowland* (1905), 37 Ind. App. 364, 369, 76 N. E. 1027; *Malott* v. *Hawkins* (1902), 159 Ind. 127, 137, 138, 63 N. E. 308; *Indiana Union Traction Co.* v. *Sullivan* (1912), 53 Ind. App. 239, 245, 101 N. E. 401; *Roach* v. *Cumberland Bank* (1915), 60 Ind. App. 547, 549, 111 N. E. 320.

From this it follows that no question relating to the instructions is duly presented. Petition for rehearing overruled.

NOTE.—Reported in 114 N. E. 417. See under (1) 26 Cyc 1180, 1360, 1392; (2) 26 Cyc 1117, 1229, 1419