## MULLIN–JOHNSON CO. v. PENN MUT. LIFE INS. CO. OF PHILADELPHIA, PA.

### No. 19275.

District Court, N. D. California, S. D.
Jan. 10, 1933.

Edwin V. McKenzie, of San Francisco, Cal., for plaintiff.

David Freidenrich, of San Francisco, Cal., for defendant.

204

ST. SURE, District Judge.

Plaintiff, the beneficiary, seeks to recover on two insurance policies issued July 10, 1931, by defendant on the life of Spencer J. Johnson. The defense is twofold: Suicide within two years from the issuance of the policies; and misrepresentations by Johnson as to the state of his health at the time of issuance of the policies.

Each policy contains a provision that, if the insured, whether sane or insane, shall commit suicide within two years from the date of issuance, liability of the company shall be limited to the amount of the premium paid thereon. The policies further provide that the statements and answers made to the company's medical examiner are part of the application for insurance and were offered to the company as consideration for the contract.

Preliminary to trial, defendant took the deposition of Mildred P. Johnson, widow of the insured. This deposition elicited the facts that Mrs. Johnson had found her husband, on the morning of February 24, 1932, lying dead on the floor of his garage, directly behind his automobile, with the motor running and the doors and windows of the garage closed. Mrs. Johnson was asked if her husband left notes to her and to other persons, the contents of such notes, if any, the condition of her husband's health, and the nature of medical treatments given him by his physician in her presence. On advice of counsel the witness refused to answer all questions pertaining to such matters, claiming privilege under the California Code of Civil Procedure, § 1881, subds. 1 and 4. Defendant now moves the court for an order requiring Mildred P. Johnson to answer these questions.

The California Code of Civil Procedure, § 1881, subd. 1, reads as follows:

"There are particular relations in which it is the policy of the law to encourage confidence and to preserve it inviolate; therefore, a person can not be examined as a witness in the following cases:

"1. A husband can not be examined for or against his wife without her consent; nor a wife for or against her husband, without his consent; nor can either, during the marriage or afterward, be, without the consent of the other, examined as to any communication made by one to the other during the marriage. * * * * "

The privilege given by this section does not exclude testimony relative to the act of communicating, as distinguished from the communication itself. Estate of Pusey, 180 Cal. 368, 374, 181 P. 648. Therefore, the witness may not claim privilege as to the existence of a note or notes. The only question in this regard is whether a note from a husband to his wife, left under the circumstances above mentioned, would be a "communication made by one to the other during marriage."

Memoranda intended by the writer to be seen only after his death have been declared not to fall within the rule regarding privileged communications between a husband and wife. 28 Ruling Case Law, p. 530, § 119, citing Whitford v. North State L. Ins. Co., 163 N. C. 223, 79 S. E. 501, 502, Ann. Cas. 1915B, 270, in which case the note was found after the husband's death. The language of the North Carolina statute upon which the decision is based is identical with that of the California statute. In the Whitford Case the court said:

" 'Communicate,' as defined by Webster, is to bestow, to convey, to make known, to recount, to import, as to communicate information to any one, and 'communication' is the act of communicating, and it would seem that a paper, although directed to the wife, of which she had no knowledge, and which it was not expected she would see until after the death of the husband, is not a communication during marriage.

"The language indicates either that the information should be actually imparted, or, at least, that there should be an expectation of doing so, during marriage."

The Whitford Case is the only one I have found that is directly in point. Its reasoning is sound, and I adopt same.

The next question presented is whether the witness may refuse to answer questions as to treatments given her husband by his physician in her presence.

The California Code of Civil Procedure, § 1881, subd. 4, reads as follows: "4. A licensed physician or surgeon can not, without the consent of his patient, be examined in a civil action as to any information acquired in attending the patient, which was necessary to enable him to prescribe or act for the patient. * * * * "

This privilege applies to physician and patient, and does not include a third person who might be present, unless such third person is aiding the physician, or is necessary as a means of communication between physician and patient. Jones Commentaries on Evidence (2d Ed.) vol. 5, pp. 1477, 1478,

§ 2191; Springer v. Byram, 137 Ind. 15, 36 N. E. 361, 23 L. R. A. 244, 45 Am. St. Rep. 159; Indiana Union Traction Co. v. Thomas, 44 Ind. App. 468, 88 N. E. 356, 359. In the case at bar Mrs. Johnson's presence was not necessary. She was but "casually present," and the privilege between her husband and his physician does not include her. "It is not the presence of third persons which destroys the privilege, but the fact that no rule precludes third persons from testifying." Jones Commentaries on Evidence, supra. Communications between physician and patient made in the presence of the patient's husband, mother, and brother are not privileged. Horowitz v. Sacks, 89 Cal. App. 336, 344, 265 P. 281. Conversation between an attorney and his client, had in the presence of the client's wife, is not privileged. Ruiz v. Dow, 113 Cal. 490, 498, 45 P. 867.

The motion for order requiring Mildred P. Johnson to answer questions propounded to her on the taking of her deposition will be granted.