**ROBERTS v. UNITED STATES.**

No. 11244.

Circuit Court of Appeals, Fifth Circuit.

Nov. 13, 1945.

Graham Wright, of Rome, Ga., for appellant.

M. Neil Andrews, U. S. Atty., and J. Ellis Mundy, Asst. U. S. Atty., both of Atlanta, Ga., for appellee.

Before HUTCHESON, WALLER, and LEE, Circuit Judges.

WALLER, Circuit Judge.

Appellant was charged in the first five counts with the embezzlement of five different sums of money and in the sixth count with making a false entry in the books of the Bank of Cedartown, Georgia, of which he was cashier. Convicted on all six counts, he was sentenced to imprisonment for one year and one day on each of Counts 1, 2, 3, 4, and 6, and to a period of eighteen months on Count 5—all sentences to run concurrently, so that the total time of his six sentences was eighteen months.

Since the sentence on Count 5 is longer than the sentence on any other count, but concurrent with the sentence on all others, we will first consider the facts in connection with that count, for if it ought to be affirmed, a reversal of the conviction under any other count would avail Appellant nothing. We will say in passing, however, that we have examined the record and the briefs carefully and find that there is ample evidence to support the conviction in

each of the other counts and that no reversible error is shown to have been made in the trial thereunder.

The fifth count alleges that the defendant was the cashier of Commercial National Bank of Cedartown in Cedartown, Georgia; that defendant was also Chairman of the City Commission of Cedartown and as such had authority to negotiate loans and sign notes for and on behalf of the City, but only after a resolution specifically authorizing each such loan had been regularly passed at a meeting of the Commission; that the defendant, while cashier of the Bank, without resolution of the City Commission authorizing the same and without authority of the City of Cedartown and its City Commission, made, executed, and signed a promissory note in the sum of $2020.00, which note the defendant signed as Chairman of the City Commission and which he caused to be charged to the City in the liability ledger of the Bank showing the note account of the City with the Bank, and that the said defendant did knowingly, unlawfully, and feloniously embezzle, abstract, and misapply the said sum of $2020.00.

There was evidence tending to show the following: (1) The note was in the handwriting of the defendant. (2) The note was signed by the defendant as Chairman of the City Commission. (3) The note was placed in the files of the Bank. (4) It had been entered on the liability ledger of the Bank and charged to the City. (5) It had not been credited to any account in the Bank. (6) The funds of the Bank were not out of balance on the date of the transaction. (7) The City did not authorize the loan. (8) The City did not receive any of the proceeds of the loan. (9) The liability ledger, showing the note account of the City with the Bank, and containing an entry charging the City with the note, was kept under the supervision of the defendant whose duty it was either to post or to direct the posting of such items. (10) The liability ledger showing the note accounts of customers or the amount of loans and interest, together with the payments made on such notes and interest, was not a book that, standing alone, would be in balance. (It was never balanced, although it was the duty of the defendant to take balances from customers' accounts in determining the balance due by a customer or in determining the assets of the Bank in the form of notes receivable.) (11) Appellant, who made out and signed the note, and under whose responsibility the liability ledger was posted, failed to give any reasonable explanation as to why he made it out, signed, and posted it without the City's authority, or why the City was not credited with the proceeds of the note or what happened to the money which he, as an officer of the City and the Bank, was under the duty to know.

These facts and circumstances are sufficient to sustain the verdict. It is true that proof of the actual taking of the money by the defendant rests wholly upon circumstantial evidence, and the circumstances, therefore, must be sufficient to exclude every reasonable hypothesis other than that the defendant took it. But the weighing of the evidence, the drawing of inferences, the balancing of hypotheses were all functions of the jury and not of the Court. In the absence of some satisfactory explanation by the defendant as to why he wrote the note, as to why he signed the note in his name as City Commissioner when the City had not authorized it and when the City did not receive any of its proceeds, and as to why the note was posted under the supervision of defendant and no counter credit given by the Bank to anyone whatsoever (meanwhile not throwing the Bank out of balance), the jury was abundantly justified in concluding that there was no reasonable hypothesis other than that the man who unauthorizedly made, signed, and posted the note took the proceeds.

What we said in Hargrove v. United States, 5 Cir., 139 F.2d 1014, is appropriate here:

"We are not triers of fact. The law, in its wisdom, does not authorize this court to substitute the reactions as to the facts which it gains from a perusal of the cold, printed type for those of the lower court which saw and heard the witnesses, observed their demeanor on the stand, and thus was placed in far better position to know the true and false than this court; and where, as here, we cannot say that there was no substantial evidence upon which the verdict and judgment of the lower court was based, the verdict and judgment of the court below will not be disturbed."

The verdict of the jury is amply justified by the evidence and the judgment is

Affirmed.