**UNITED STATES of America**

**v.**

**Langston B. POWELL.**

**Crim. No. 1087–NN.**

United States District Court
E. D. Virginia,
Newport News Division.

Oct. 18, 1968.

Roger T. Williams, Asst. U. S. Atty., Norfolk, Va., for plaintiff.

Louis Ellenson, Newport News, Va., for defendant.

## MEMORANDUM OPINION

KELLAM, District Judge.

Charged under Title 18 § 641 of U.S. C.A. with embezzlement of funds of the United States Post Office Department aggregating $1,393.56 entrusted to his care as a postal clerk, Langston B. Powell entered a plea of not guilty, waived jury trial and was found guilty by the Court. Defendant moved for judgment of acquittal at the conclusion of the government's case, and renewed his motion at the close of all of the evidence. The motion was denied, and defendant was found guilty. Following the finding of guilty, defendant again moved for judgment of acquittal. Ruling on this motion was continued to enable counsel to file a written memorandum of authorities.

Defendant contends the evidence fails to show (a) a criminal intent, and (b) a fraudulent appropriation of the money by him. In substance, defendant admits the funds in question came into his hands in his capacity as a postal employee, and that when an audit of the funds was made the funds were missing. But, he says he thereafter made good on the shortage, and there has been no showing "there was a fraudulent appropriation of the money by the defendant." That is, the government has not shown what he did with the funds. Defendant says the prosecution must establish how he spent the the money, whether in high living, gambling, etc.

The offense charged in the indictment is that defendant did "embezzle

certain funds of the United States Post Office Department * * * in the care and custody" of defendant. Embezzlement is the fraudulent or felonious conversion or appropriation of property which has rightfully or lawfully come into the hands of the converter. It is defined in Moore v. United States, 160 U.S. 268, 269, 16 S.Ct. 294, 295, 40 L.Ed. 422, in these words:

Embezzlement is the fraudulent appropriation of property by a person to whom such property has been entrusted, or into whose hands it has lawfully come. It differs from larceny in the fact that the original taking of the property was lawful, or with the consent of the owner, while in larceny the felonious intent must have existed at the time of the taking.

See also Woxberg v. United States, 329 F.2d 284, 290 (9th Cir.1964); Groves v. United States, 343 F.2d 850, 854 (8th Cir.1965); Satterfield v. United States, 249 F.2d 608, 609 (6th Cir.1957); 26 Am.Jur.2d page 549, § 1. Embezzlement presupposes that the money or property came to the possession of the accused lawfully and/or with the consent of the owner, and that a fiduciary relationship exists between the owner and accused. The elements are (1) a trust or fiduciary relationship, (2) that the property claimed embezzled is embraced within the meaning of the statute, (3) that it came into the possession or care of accused by virtue of his employment, (4) it is property of another, (5) that his dealing therewith constituted a fraudulent conversion or appropriation of same to his own use, and (6) such was with the intent to deprive the owner thereof.

 When one wrongfully and intentionally embezzles or misappropriates the property of another which is lawfully in his possession to his own use, the offense is complete. The mere fact he intends subsequently to return the property or to make restitution to the rightful owner does not relieve his wrongful act; nor does it destroy the criminal nature of the act or excuse him. Hence, the mere fact that defendant at a subsequent date made restitution of the amount of the shortage does not wipe out the offense.

This was said in United States v. Friend, 95 F.Supp. 580, 583 (D.C.W.Va. 1951), an action dealing with misappropriation of postal funds, viz:

The argument advanced by counsel for defendant that the establishment of the so-called fixed credits in the hands of defendant created the relationship of debtor and creditor as between him and the United States is untenable. Defendant was employed in a capacity which made it necessary for him to have in his hands stamps and postal notes. These he sold to the public for money. He did not buy the stamps and notes from the United States. The word "credit" is simply a convenient term used by the accounting office to designate the property which was entrusted to his custody. No reasonable person could fall into the mistake of believing that stamps and postal notes placed in his custody as a postal employee for sale to the public thereby became his own property; or that he could with impunity use the money derived from the sales of such notes and stamps for his own purposes. No person, having money or property in his hands belonging to another, can be relieved of criminal liability for the misappropriation thereof by the fact that he at all times intended to replace or account for such money or property when called upon to do so.

 Accused offered no explanation of the shortage except to say he did not use the funds for his personal use. He says the government must present eyewitness testimony that he physically took the funds. The answer to this contention is found in O'Malley v. United States, 378 F.2d 401, 403 (1st Cir.1967), where the Court said:

This evidence amply supports a conclusion that the defendant received money belonging to the United States and deliberately retained it for his own use. Defendant's argument that

it is insufficient amounts to an assertion that he cannot be convicted of embezzlement without eyewitness testimony that he physically pocketed the missing funds. Such a contention is wholly without merit.

\* \* \* \* \* \*

The only burden to explain imposed on the defendant here was that inherent in the natural implications of the government's evidence. That an inference of guilty can be buttressed on circumstantial evidence of this nature is clear. To hold otherwise would impose an unrealistic burden on the prosecution, which fairness to the defendant does not require. Cf. Morrison v. People of State of California, 291 U.S. 82, 88–89, 54 S.Ct. 281, 78 L.Ed. 664 (1934).

■ There is no doubt the offense may be proven by circumstantial evidence. Almost of necessity, intent must be proven that way. The contention made here by accused was similar to the accused's contention in Roberts v. United States, 151 F.2d 664 (5th Cir.1945). It was answered on page 665, viz:

It is true that proof of the actual taking of the money by the defendant rests wholly upon circumstantial evidence, and the circumstances, therefore, must be sufficient to exclude every reasonable hypothesis other than that the defendant took it. But the weighing of the evidence, the drawing of inferences, the balancing of hypotheses were all functions of the jury and not of the Court. In the absence of some satisfactory explanation by the defendant as to why he wrote the note, as to why he signed the note in his name as City Commissioner when the City had not authorized it and when the City did not receive any of its proceeds, and as to why the note was posted under the supervision of defendant and no counter credit given by the Bank to anyone whatsoever (meanwhile not throwing the Bank out of balance), the jury was abundantly justified in concluding that there was no reasonable hypothesis other than that the man who unauthorizedly made, signed, and posted the note took the proceeds.

In Taylor v. United States, 320 F.2d 843, 849 (9th Cir.1963), the Court said:

It was of course necessary for the Government to prove beyond a reasonable doubt that Taylor intended to, and did, embezzle, steal or unlawfully and wilfully abstract or convert to his own use the moneys of the Guild which he failed to deposit to its account. See Morissette v. United States, 342 U.S. 246, 260, 72 S.Ct. 240, 96 L.Ed. 288. But the general rule is that unlawful and wilful purpose to retain the money of another for one's own use, need not be proved by direct testimony. As pointed out in McKenna v. United States, 8 Cir., 232 F.2d 431, 437, such a state of mind is not generally susceptible of direct proof but may be inferred from the facts and circumstances attending the act.

■ Fraudulent intent must often be inferred from circumstantial evidence. Collateral and related conduct may be considered by the trier of the facts for this purpose. United States v. Metcalf, 388 F.2d 440 (4th Cir.1968); United States v. Welborn, 322 F.2d 910, 912 (4th Cir. 1963); United States v. Taylor, 305 F.2d 183, 185, 97 A.L.R.2d 791 (4th Cir. 1962), cert. denied 371 U.S. 894, 83 S.Ct. 193, 9 L.Ed.2d 126. The burden on the government was stated in Dobbins v. United States, 81 U.S.App.D.C. 218, 157 F.2d 257, 260 (1946), with the following quotation:

Hence, the core of the crime, and the burden for the prosecution, is the proof of the accused's "wrongful" intention. We have previously held that: "This intent may be proved directly; or it may be inferred from the circumstances of the case as disclosed by the evidence; or it may be inferred from the nature of the conversion itself; but in all cases the inference must be deduced by the jury, and not by the court." Masters v. United States, 42 App.D.C. 350, 357, Ann.Cas.1916A, 1243.

■ The statement of accused, even if true, would not excuse him, namely,

that he did not use the funds for his "personal use." To constitute an element of embezzlement, conversion need not be immediately to accused's personal advantage. Vol. 26 Am.Jur.2d page 573, ¶ 22.

The evidence establishes beyond any reasonable doubt each and every element of the offense. In fact, there is little or no denial of the facts. Accused only says he did not take the money for his personal use.

The motion for judgment of acquittal is denied. Upon the evidence heard by the Court, the defendant is adjudged guilty as charged.