**Ervin Bryant ARNOLD, Petitioner on Review–Appellant,**

v.

**EMPLOYERS INSURANCE OF WAU-SAU, Respondent on Review–Appellee.**

No. 72–1056.

United States Court of Appeals, Tenth Circuit.

Aug. 8, 1972.

Earl S. Wylder, Denver, Colo., for bankrupt-appellant.

Samuel Berman, Denver, Colo., for respondent-appellee.

Before BREITENSTEIN, HILL and DOYLE, Circuit Judges.

HILL, Circuit Judge.

This is an appeal from a judgment of the United States District Court for the District of Colorado affirming the judgment of the bankruptcy referee in Arnold's bankruptcy proceeding, denying discharge of a debt owed by Arnold. The referee had determined the debt in question to be nondischargeable under § 17a(4) of the Bankruptcy Act, 11 U. S.C. § 35(a)(4), as a debt "created by . . . fraud, embezzlement, misappropriation or defalcation while acting as an officer or in a fiduciary capacity. . . ." Arnold appeals that determination asserting a change in the nature of the debt which excludes it from the nondischargeability provision, and also challenging the debt assignment from Farmers Group, Inc. to the appellee, Employers Insurance of Wausau.

Arnold was appointed district manager for five insurance companies by an agreement executed by all five. Among the duties assigned the district manager was one for the collection of premiums, membership fees and other amounts from the agents in the district and the prompt transmittal of these amounts to the respective companies.

There was also contained in the agreement a provision for cancellation or termination of Arnold as district manager upon failure to remit such funds or in the event of fraud or embezzlement of such funds.

By an agreed statement of facts filed in the bankruptcy proceeding, it appears that from October 29, 1965, through December 15, 1965, Arnold collected $5,506.99 in premiums due Farmers Insurance Exchange and remitted only $422.44 of that amount, converting the remainder to his own use. An oral agreement was entered into whereby Arnold was offered the opportunity to repay this amount through direct installments. The insurance company subsequently repossessed Arnold's agency, paid a note which Arnold had made in payment on the debt, and sold the agency to a new agent. The insurance company's claim against Arnold for the amount of premiums remaining due was assigned to the appellee, which brought suit to collect the amount. Arnold filed a voluntary petition in bankruptcy and was duly adjudicated bankrupt, but was denied a discharge on the assigned debt claimed by appellee, as being nondischargeable under 11 U.S.C. § 35(a)(4).

■ Appellant first asserts the nature of the debt was changed by the oral agreement whereby the insurance company offered Arnold the opportunity to repay the funds, treating it as an accounts receivable item. We are not persuaded. "The acceptance of a note from one who procures a sum of money by fraud, as an evidence of the debt thereby created, after the fraud has been discovered, does not take the debt out of the operation of the above quoted provision of the Bankruptcy Act [11 U.S.C. § 35]." United States Credit Bureau v. Manning, 147 Cal.App.2d 558, 305 P.2d 970, 972 (1957).[1]

■ Appellant next contends the referee and the trial court incorrectly construed the assignment of the insurance company's claim against Arnold to Employers Insurance of Wausau. He contends the only thing which was assigned was a right to an accounts receivable item, and not a chose in action for embezzlement. Neither repayment nor the making of a note for repayment changes the nature of the debt as it was initially incurred.[2]

■ Appellant next asserts the assignment was improper because it was not made by one of the named insurance companies in the District Manager's Appointment Agreement, and also that the signer of the assignment was never shown to be an officer of the company. The referee, in his findings of fact, found that Arnold was indebted to Farmers Insurance Group and that Arnold Carson, a representative of Farmers Insurance Group, had executed the assignment to appellee. The referee then upheld the claim of the appellee as a nondischargeable debt. This was affirmed by the trial court on review. The decision of the referee as confirmed by the district court is not clearly erroneous, and we affirm.[3]

1. *See also* Gregory v. Williams, 106 Kan. 819, 189 P. 932 (1920).

2. United States v. Powell, 294 F.Supp. 1353 (D.C.Va.1968), aff'd, 413 F.2d 1037 (4th Cir. 1969); Elmore v. United States, 267 F.2d 595 (4th Cir. 1959), cert. den'd, 361 U.S. 832, 80 S.Ct. 82, 4 L.Ed.2d 74; Dobbins v. United States, 81 U.S.App.D.C. 218, 157 F.2d 257 (1946), cert. den'd, 329 U.S. 734, 67 S.Ct. 99, 91 L.Ed. 634; Hancey v. United States, 108 F.2d 835 (10th Cir. 1940).

3. Ryan v. Rolland, 434 F.2d 353 (10th Cir. 1970); Wolfe v. Tri-State Ins. Co., 407 F.2d 16 (10th Cir. 1969); Edwards & Deutsch Lithographing Co. v. Rottman, 398 F.2d 1020 (10th Cir. 1968).