**In re Paul L. MORTON, Debtor.**

**DIVERSIFIED MORTGAGE INVESTMENTS, INC., a Florida Corporation, Plaintiff,**

v.

**Paul L. MORTON, Defendant.**

**Bankruptcy No. 87–3596–8P7. Adv. No. 87–374.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Jan. 12, 1989.

Jere Fishback, St. Petersburg, Fla., for plaintiff.

R. Patrick Mirk, Tampa, Fla., for defendant.

## ORDER ON MOTIONS FOR SANCTIONS

ALEXANDER L. PASKAY, Chief Judge.

THIS is a Chapter 7 liquidation case and the immediate matters under consideration involve cross-motions for sanctions filed by Diversified Mortgage Investments, Inc. (Plaintiff), and Paul L. Morton (Defendant/Debtor) pursuant to Bankruptcy Rule 9011. The motions for sanctions have their geneses in a now dismissed adversary proceeding instituted by the Plaintiff against the Debtor, seeking to have a debt allegedly owed to the Plaintiff by the Defendant to be declared nondischargeable pursuant to §§ 523(a)(2), (a)(4) and (a)(6) of the Bankruptcy Code. Prior to the dismissal of the adversary proceeding, pursuant to the Motion for voluntary dismissal filed by the Plaintiff, the Defendant filed a Motion for Summary Judgment and Motion for Sanctions against the Plaintiff, alleging, inter alia, that the Plaintiff filed the adversary proceeding without any factual or legal basis and that the Complaint was frivolous. The Order of Dismissal was entered on August 22, 1988, which specifically reserved this Court's jurisdiction to rule on the Debtor's Motion for Sanctions. On August 17, 1988, the Plaintiff filed its own Motion for Sanctions against the Debtor, alleging that the Debtor's Motion for Sanctions was itself frivolous and filed in bad faith. Of course, neither ground is sufficient to form the basis for imposition of sanction pursuant to Bankruptcy Rule 9011, even if established by the Plaintiff. The facts germane to the issue raised by the motions which are without dispute are as follows:

At the time relevant to this controversy, the Debtor was a principal officer of a corporation known as Insurance Services International, Inc. (ISI). The primary business of ISI was the operation of an insurance brokerage office. During 1983 the Plaintiff contracted with ISI to procure directors' and officers' liability coverage for the Plaintiff. It further appears that the Plaintiff forwarded to ISI a check in the amount of $45,000.00 made payable to ISI, representing the premium for its coverage. It is alleged by the Plaintiff that the Debtor did not forward the premium to the liability insurance carrier which actually provided the coverage, but instead used the premium monies to pay for his own personal expenses. It further appears when the Plaintiff demanded an accounting of the funds paid to the Defendant, the Debtor not having been able to make restitution, agreed to acknowledge the indebtedness by execution, in favor of the Plaintiff, of a promissory note. The note executed by the Debtor on September 25, 1984, was in the

amount of $33,750.00 and executed in favor of the Plaintiff in return for the Plaintiff's forbearance from suing the Debtor. This forbearance was made part of an agreement entered into between the Plaintiff and Defendant on September 4, 1984. The Agreement expressly provided that the Plaintiff would release the Debtor from any liability arising from the premium payment made to ISI. In addition, the Debtor paid $5,000.00 to the Plaintiff as part of the consideration required for the release agreement.

It is this release that the Debtor contends acted as a complete defense to any action based on the released claim, and therefore, the claim asserted by the Plaintiff violated the certification rule of Bankruptcy Rule 9011. This is so because, according to the Defendant, had Plaintiff's counsel conducted a reasonable inquiry prior to the filing of the adversary proceeding, he would have determined that the claims asserted in the Complaint were *released* and no longer enforceable. For this reason, Debtor urges that this Court sanction Plaintiff's counsel in the amount of Debtor's attorneys fees and costs incurred in defending against this adversary proceeding.

In response to the Debtor's Motion for Sanctions, Plaintiff's counsel contends that he extensively researched the issue of whether or not Debtor's execution of the notes and the Plaintiff's release of the Debtor waived the Plaintiff's right to object to the Debtor's discharge or to seek the determination of the dischargeability of the promissory note. Plaintiff's counsel admits that he knew of the existence of the release defense asserted by the Debtor, but counsel justifiably took the position that the release agreement failed for lack of consideration. Therefore, the release did not bar any nondischargeability claim by the Plaintiff. In support of this proposition, Plaintiff contends that his research indicated that the release given to the Debtor by Plaintiff *did not* constitute accord and satisfaction of the Debtor's liability for the alleged misappropriated premium payment, *citing* 10 Fla.Jur.2d *Compromise, Accord and Release,* Secs. 26 and 27. According to this authority, a release, like a contract, must be supported by independent consideration and that even a release under seal, which creates a presumption that the release is supported by consideration, this presumption is rebuttable by competent proof of failure or want of consideration. Plaintiff's counsel cites *Royal Typewriter Co. v. Xerographic Supplies Corp.,* 719 F.2d 1092 (11th Cir.1983) to distinguish failure of consideration from want of consideration with the former being the neglect, refusal or failure to one of the parties to furnish the agreed on consideration and the latter being the total lack of consideration. Plaintiff's counsel also cites *Royal Typewriter* for the proposition that failure of consideration can be established even when the defaulting party has partially performed. The Plaintiff's counsel further contends that the Debtor's liability which would have been forgiven by the release is not forgiven because the Debtor failed to fully perform the consideration given for the release, i.e., full payment of the promissory note. Plaintiff's counsel also cites *Brewer v. Northgate of Orlando, Inc.,* 143 So.2d 358 (Fla. 2nd DCA 1962) and *Hannah v. James A. Rynder Corp.,* 380 So.2d 507 (Fla. 3rd DCA 1980) for the proposition that a claim for accord and satisfaction must be supported by a new contract which must be between the same parties and which new contract must be executed to have the effect of satisfaction. In other words, partial performance of the new agreement is insufficient to constitute an accord and satisfaction. Plaintiff's counsel further cites the case of *In Matter of Dean,* 9 B.R. 321 (B.C.M.D.Fla.1981) rejecting the Debtor's argument that the character of the debt, even though originally tainted, was converted to a bargained-for promissory note and release agreement and, as such, is excepted from any provisions of § 523. The debtor in *Dean* misapplied insurance premiums from insureds failing to transmit them to the carriers who issued policies. The debtor signed a promissory note in favor of the carrier, evidencing the debt for the missing premiums and after filing his petition for relief attempted

to have his debt to the carrier declared nondischargeable. This court in *Dean* stated that "the fact that the indebtedness admittedly due and owing to the carrier is evidenced by a promissory note is without significance and the issue of nondischargeability is in no way affected by the fact that the debtor signed a promissory note for the amount of the debt." In *Arnold v. Employers Ins. of Wausau*, 465 F.2d 354 (10th Cir.1972) the Tenth Circuit Court of Appeals affirmed the judgment of the bankruptcy referee finding that a debt owing by the debtor/manager of an insurance company for failure to remit premium payments was nondischargeable as one obtained by fraud, even though the debtor entered into an oral agreement with the carrier treating it as an accounts receivable item. The court there stated that the acceptance of a note from one who procures a sum of money by fraud as an evidence of the debt thereby created does not take the debt out of the operation of the provisions of the Bankruptcy Code which excepts a debt from discharge. Based on the foregoing, it is clear that there was a legitimate dispute concerning the legal effect of the release. This being the case, it is difficult to accept the proposition urged by the Defendant that the claim asserted by the Plaintiff was clearly not supported by existing law.

This leaves for consideration the Plaintiff's Motion for Sanctions. It needs no elaborate discussion that the grounds urged by the Plaintiff for sanctions have nothing to do with the sanctions authorized by Bankruptcy Rule 9011, and, therefore, they are without merit.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Debtor's Motion for Sanctions against Plaintiff be, and the same is hereby, denied. It is further

ORDERED, ADJUDGED AND DECREED that the Plaintiff's Motion for Sanctions against Debtor be, and the same is hereby, denied.