**UNITED STATES of America**

v.

**Francisco Martin DURAN, Defendant.**

**Crim. No. 94–447 (CRR).**

United States District Court,
District of Columbia.

March 16, 1995.

Leigh A. Kenny, Federal Public Defender for D.C., Washington, DC, for defendant.

Eric A. Dubelier, Brenda Jene Johnson, U.S. Attorney's Office, Washington, DC, for U.S.

### *ORDER*

CHARLES R. RICHEY, District Judge.

Before the Court is the Government's Motion *In Limine* for the Admission of Letters Written by Defendant Duran to His Wife and Son. The Court is not in receipt of any written Opposition thereto. The Court held a hearing on the same on March 15, 1995, at which time counsel for the Defendant opposed admission of the letters on relevance grounds. Counsel for the Defendant further represented that the admissibility of the letters would largely depend on the Court's ruling on the Defendant's Motion *in Limine* to Preclude Evidence Under Fed.R.Evid.

404(b). Upon careful consideration of the pleadings, the oral argument of counsel, the relevant law, and the entire record in this case, the Court finds that the Government's Motion shall be granted, in part, and denied, in part, as hereinafter provided.

Subsequent to the Defendant's arrest in this case, the Defendant's brother-in-law, Brian Warner, contacted the Federal Bureau of Investigation ("FBI") in Colorado. Mr. Warner indicated that the Defendant's wife, Ingrid Duran, had received four letters from the Defendant by mail and that the family wished to make these letters available to the FBI. An FBI agent and a Secret Service agent traveled to where Ms. Duran was staying and received photocopies of four letters and copies of the two envelopes in which the letters were mailed.[1]

The two envelopes received by the agents bore the return address of the Embassy Suites Hotel, located in Vienna, Virginia, and were postmarked on October 31, 1994 in Washington, D.C. The four items contained in the envelopes, copies of which are attached hereto as Exhibits A–D, were as follows:

(1) A one-page letter written on the Embassy Suites Hotel stationary, dated October 28, 1994, addressed to "To Whom It May Concern," and signed by the Defendant (Exhibit A);

(2) A one-page letter, undated, addressed to "Ingrid," and signed by the Defendant (Exhibit B);

(3) A one-page letter written on the Embassy Suites Hotel stationary, dated October 28, 1994 and addressed to "Ingrid," and signed by the Defendant (Exhibit C); and

(4) A two-page letter, dated October 26, 1994, addressed to "Alex F. Duran," and signed by the Defendant (Exhibit D).

The Government has filed the instant Motion to allow the introduction of the aforementioned letters during the trial of the Defendant. The Government argues that the letters should be admitted because they "establish defendant's motive to commit the offenses charged and also demonstrate his ability to appreciate the wrongfulness of his actions at the time of the offenses." Motion at 3. In addition, the Government argues that the letters should be admitted because assertion of the marital privilege does not bar their admission.

## DISCUSSION

To be admissible, the letters must be relevant and they must not be subject to exclusion under the marital privilege. As to the first inquiry, the Court finds here that each letter is relevant to a material issue in the case.

" 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. Where, as here, a Defendant is charged with a specific intent crime, evidence establishing the Defendant's motive is relevant. *See, e.g., United States v. Day,* 591 F.2d 861, 870–76 (D.C.Cir.1978); *United States v. Haldeman,* 559 F.2d 31, 88–91 & n. 145 (D.C.Cir.1976), *cert. denied,* 431 U.S. 933, 97 S.Ct. 2641, 53 L.Ed.2d 250 (1977).

■ In this case, the letters are relevant to the Defendant's motive because, first, the letters were written while the Defendant was in Washington, D.C. a few days prior to the occurrence of the crimes with which the Defendant is now charged.[2] Second, the contents of the letters are probative of the Defendant's state of mind. For example, he states that "the Revolution starts today," (Exhibit A), asks his wife to "[m]ake money

1. Apparently, Mr. Warner informed the agents that Ms. Duran wished to keep the original letters.

2. Although the letters are postmarked October 31, 1994, the Court concludes that they were in fact written prior to the October 29, 1994 incident for several reasons. Three of the letters are dated prior to October 29, 1994. Moreover, the stationary for two of the letters came from the hotel the Defendant stayed in prior to the incident. Finally, the Defendant would not have been able to write and mail the letters on the postmarked date because he was in custody on that date.

from [his] actions," (Exhibit B), indicates his desire regarding the disposition of his body, (Exhibit C), and states that his "actions that lead to [his] death ... Is (sic) for [his] country." (Exhibit D).

■ Notwithstanding the Court's finding that the evidence is relevant, the Court must further determine whether the evidence should be excluded under Rule 403. "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed.R.Evid. 403. " '[T]he balancing contemplated by Rule 403 is a matter within the sound discretion of the trial court.' " *United States v. DeLoach*, 654 F.2d 763, 770 (D.C.Cir.1980) (quoting *United States v. Foskey*, 636 F.2d 517, 525 (D.C.Cir. 1980)).

In the exercise of its discretion, the Court finds that, except with respect to Exhibit A discussed *infra*, the letters are not subject to exclusion under Rule 403. During the March 15, 1995 hearing, the Defendant's sole argument for excluding the letters, in addition to their relevance, was that they were not "nice communications" to make to one's wife. In other words, the Defendant appears to argue that the letters are unduly prejudicial. The Court, however, is unconvinced. Nothing in the letters is unfairly prejudicial to the Defendant. While the Defendant's state of mind is at issue in this case, the letters, for the most part, refer to the disposition of the Defendant' property and his thoughts and feelings prior to his arrest. Rule 403 requires exclusion of evidence only if its probative value is *substantially* outweighed by its *unfairly* prejudicial effects. This standard is not met here. Accordingly, except with respect to Exhibit A discussed below, the Court finds that the letters are admissible under Rule 403.

■ Although relevant and not subject to exclusion under Rule 403, the letters are not admissible if the marital privilege applies, and the Defendant chooses to assert it. There are two kinds of marital privilege: (1) testimonial privilege; and (2) the confidential

communications privilege. According to the testimonial privilege, the government is precluded from compelling one spouse to testify against his or her spouse in a criminal case. See *Trammel v. United States*, 445 U.S. 40, 49–50, 100 S.Ct. 906, 912, 63 L.Ed.2d 186 (1958). However, under the testimonial privilege, "only the spouse's testimony in the courtroom ... is prohibited." *Id.* at 52 n. 12, 100 S.Ct. at 913 n. 12. Since the Government is not seeking to have Ms. Duran testify, the testimonial privilege does not apply to the instant case. Instead, the key in determining the admissibility of the documents turns on the applicability of the confidential communications privilege.

■ The confidential communications privilege bars the admission of: (1) any words or actions which are intended by one spouse to be a communication to the other; (2) when the communications occurred during the time of a valid marriage; and (3) where the spouse intended for the communication to be confidential. See generally *United States v. Evans*, 966 F.2d 398, 401 (8th Cir.1992) (citations omitted), *cert. denied*, —— U.S. ——, 113 S.Ct. 502, 121 L.Ed.2d 438 (1992). Although marital communications enjoy a presumption of confidentiality, this presumption may be rebutted by the particular circumstances surrounding the communication. *Pereira v. United States*, 347 U.S. 1, 6, 74 S.Ct. 358, 361–62, 98 L.Ed. 435 (1954) (citations omitted). In examining the letters at issue in this case, the Court concludes that many of them are admissible.

■ The letter attached as Exhibit A is not privileged because it was not intended to be confidential. Notwithstanding the fact that the envelope containing the letter was addressed to Ms. Duran, the letter itself is addressed "To Whom It May Concern." (Exhibit A). Instead, such a salutation indicates Defendant's intention to have others read the letter. Furthermore, the letter requests that all of the Defendant's property go to his wife. In that such a request must be communicated to others to have any effect, the marital privilege is inapplicable because the communication is not intended to be confidential. See *Dobbins v. United*

*States*, 157 F.2d 257, 260 (D.C.Cir.1946), *cert. denied*, 329 U.S. 734, 67 S.Ct. 99, 91 L.Ed. 634 (1946). Based on these facts, the Court concludes that the entire letter, with one exception relating to the "discharge" of the Defendant, is admissible. As indicated in the Court's Order with respect to the Defendant's Motion *in Limine* to Preclude Evidence Under 404(b), evidence of the Defendant's discharge from the army shall not be admitted into evidence. Therefore, that portion of Exhibit A which refers to Defendant's discharge shall be redacted. Accordingly, the redacted version of the letter is attached hereto as Exhibit E.

■ Turning to Exhibit B, the Government argues that the letter is admissible because the Defendant's request that his wife "make money from my actions," shows that the Defendant had no expectation of privacy. Motion at 12. Although the Defendant provided no argument on the subject of marital privilege, the Court must nonetheless disagree with the Government. In contrast to Exhibit A, this letter is directly addressed to "Ingrid." (Exhibit B). In addition, the contents of the letter suggest that the Defendant is directly communicating a private matter to his wife. Nothing in the letter indicates that the contents of the letter are to become public. Merely indicating to one's spouse a vague suggestion to "make money," without more, does not overcome the presumption of privilege. Thus, in the event the Defendant chooses to assert the marital privilege, Exhibit B shall not be admitted.

■ In examining Exhibit C, the Court finds that this letter shall be excluded, if the Defendant asserts the privilege, for several reasons. First, the letter is addressed solely to "Ingrid." Accordingly, this letter enjoys the presumption of marital privilege. More importantly, even if the Government were able to rebut the presumption of privilege, the letter is still inadmissible. Under Rule 403, the Court may choose to exclude evidence that causes "needless presentation of cumulative evidence." Fed.R.Evid. 403. Much of what is stated in the letter refers to the disposition of the Defendant and his property. (*See* Exhibit C). However, this material is already discussed in Exhibit A,

which the Court has already ruled may be admitted. Accordingly, in the exercise of its discretion, the Court shall exclude this letter in the event that the Defendant chooses to assert the privilege. *See United States v. DeLoach*, 654 F.2d 763, 770 (D.C.Cir.1980).

■ The final letter, Exhibit D, is addressed to the Defendant's son, specifically, to "Alex F. Duran." The general rule in most federal courts is that there is no parent-child privilege. *In re Erato*, 2 F.3d 11, 16 (2d Cir.1993); *In re Grand Jury Proceedings of John Doe*, 842 F.2d 244, 246 (10th Cir. 1988), *cert. denied*, 488 U.S. 894, 109 S.Ct. 233, 102 L.Ed.2d 223 (1988); *United States v. Davies*, 768 F.2d 893, 899 (7th Cir.1985), *cert. denied*, 474 U.S. 1008, 106 S.Ct. 533, 88 L.Ed.2d 464 (1985). Accordingly, Exhibit D is admissible.

As a final note, the Court addresses the Government's argument that none of the letters qualify for the marital exception "because they were not intended to be communicated during a valid marriage." Motion at 14. Specifically, the Government contends that privilege does not apply because the Defendant believed he would be dead when his wife received the letters. *Id.*

■ The Court is unpersuaded by the Government's argument. The only case the Government cites to is a Northern District of California case, *Mullin–Johnson Co. v. Penn Mut. Life Ins. Co.*, 2 F.Supp. 203, 204 (N.D.Calif.1933). In that case, the district court held that the marital privilege does not apply when the document at issue has been written with the intent that the writer's spouse see it after the writer's death. *Id.*

However, that case is inapplicable to the instant case. In *Mullin–Johnson*, the district court interpreted a statute setting forth marital privilege. Here, however, there is no analogous statute. Further, in *Mullin–Johnson*, the communicating spouse actually died, while in this case the Defendant is alive. Consequently, *Mullin–Johnson*, is inapplicable and, contrary to the Government's position, does not render all the letters admissible.

Accordingly, it is, by the Court, this 15th day of March, 1995,

ORDERED that the Government's Motion *In Limine* for the Admission of Letters Written by Defendant Duran to His Wife and Son shall be, and hereby is, granted, in part, and denied, in part, as hereinafter provided; and it is

FURTHER ORDERED that Exhibits A, as redacted by the Court and attached hereto as Exhibit E, as well as Exhibit D, are admissible at trial; and it is

FURTHER ORDERED that Exhibits B and C are inadmissible in the event the Defendant chooses to assert the marital privilege; and it is

FURTHER ORDERED that, pursuant to *Washington Post v. Robinson,* 935 F.2d 282, 289 (D.C.Cir.1991), this Order shall be, and hereby is, placed UNDER SEAL, until further Order of the Court, as it contains references to portions of the record found inadmissible at trial and because a public airing of the same would prejudice the Defendant's right to a fair and impartial jury and trial.

[black redaction bar]

EXHIBIT A

**EMBASSY SUITES℠**

Francisco M. Duran.
28 Oct 94

EMBASSY SUITES® HOTEL
TYSONS CORNER
8517 LEESBURG PIKE
VIENNA VA 22182

TEL 703-883-0707
FAX 703-883-0694

FOR RESERVATIONS CALL
1-800-EMBASSY

To Whom It May Concern:

I Francisco M. Duran, hereby, on this day of 28 October 1994 give all that I have to my wife Ingrid A. Duran. I don't have much, In fact I don't have Shit, But none the Less, It's all her's. "Ha! Ha!" Sorry.

＊ I also Take full responsability for all my actions and ~~and~~ my abuse of my "Credit Cards and Checks. You See, You have to understand one thing; I was cheated on my Discharge, so the Revolution Starts today. Not Just because of my Discharge, But because of the Fucking Government. Remember, I'm not the only one out here who feels Like this.
Sinicerly /.

NOV 5 '94 11:58 DMS000045 719 633 2418 PAGE.002

## EXHIBIT B

Ingrid:

Make money from my actions. Not for me, for your son and yourself. I've never said I didn't love you.

Love

I love my country, but now its true to fix it. Time for the Revolution.

000046

EXHIBIT C

 EMBASSY SUITES™

"28 Oct. 94"

EMBASSY SUITES® HOTEL
TYSON'S CORNER
8517 LEESBURG PIKE
VIENNA VA 22182

TEL 703-883-0707
FAX 703-883-0694

FOR RESERVATIONS CALL
1-800-EMBASSY

Ingrid,

I also wish for my body to be Cremated and Flushed down the toilet. "What go are ashes for?" Ingrid, Sorry about all this, but I feel very strongly about what I am ~~doing~~ doing.

Remember, Make money off of my name and raise ~~Alex~~ Alex the best you can. I know you can. Also, Give my ~~Godson~~ the New Jacket thats in the truck and the Love.

Tazman ~~tays~~ is for Alex.

"Happy Birthday Alex."

D‍000047

EXHIBIT D

26 Oct. 94

✱ Alex r. Duran

"I Love You!" Please understand that I have always Loved You and always Will. You are a Super Special Little Man. You will be one of the greatest Men on this World. Your Mother is strong and will give you the greatest gift any one can give you, Her undying Love, Forever. Take Care of Your Mother, and Love her Forever.

DES000048

Son, My actions that Lead to my death (my released) Is for my Country and for you and the rest of the Children of Our Great Country In this U.S. of A. Be Proud of who you are and you will go far. I Love you Son and will always. Please remember that.

Love Always,

Francisco M Daren

P.S Remember to Respect all.

D000049

EXHIBIT E

EMBASSY SUITES℠

Francisco M. Duran.
28 Oct 94

EMBASSY SUITES' HOTEL
TYSONS CORNER
8517 LEESBURG PIKE
VIENNA VA 22182

TEL 703-883-0707
FAX 703-883-0694

FOR RESERVATIONS CALL
1-800-EMBASSY

To Whom It May Concern:

I, Francisco M. Duran hereby on this day of 28 October 1994 give all that I have to my wife Ingrid A. Duran. I don't have much, In fact I don't have shit; But none the less, It's all her's. "Ha!Ha!" Sorry.

* I also ~~I~~ Take full responsability for all my actions and ~~██~~ my abuse of "my" Credit Cards and Checks: You See, You have to understand one thing; the Revolution starts today because of the Fuckling Government. Remember, I'm not the only one out there who feels Like this.

Sincerly A. [signature]

r0590C0045